## 37659. KNIGHTON v. THE STATE.

MARSHALL, Justice.

In this case, the appellant was convicted of violating the Georgia Controlled Substances Act because of marijuana found by the police in a residence which the appellant was occupying with a female.

Under Code § 53-501, the husband is declared to be head of the household. Based on this, it has been held that when he and his wife reside together, there is a rebuttable presumption that contraband found in the house belongs to the husband. E.g., *Jenkins v. State,* 51 Ga. App. 95 (179 SE 597) (1935) and cits. Over the appellant's objection, the trial judge charged the jury that there is such a presumption. In addition, the judge failed to charge the jury that the presumption is rebuttable.

In this appeal, the appellant argues that the head-of-the-household statute is unconstitutional under Orr v. Orr, 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979). Therefore, he argues that the foregoing presumption is also unconstitutional. See generally, County Court of Ulster County v. Allen, 442 U. S. 140 (99 SC 2213, 60 LE2d 777) (1979). In addition, he complains of the failure of the trial judge to instruct the jury that the presumption is rebuttable. See Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979); County Court of Ulster County v. Allen, supra. (The appellant states in his appellate brief: "Although it was not established that the appellant was married or that the female on the premises was his wife, we will assume for the purpose of the constitutional issue that this was true.")

The state argues, among other things, that even if the trial judge's charge to the jury was error, it was harmless in view of the fact that the appellant admitted to the police that the marijuana belonged to him. This admission was received in evidence, and it was corroborated by other evidence that some of the marijuana was found in a jacket which the appellant was later seen wearing.

1. Since the trial judge did not charge the jury that the complained-of presumption is rebuttable, the jury could have interpreted the presumption as mandatory. See Sandstrom v. Montana, supra. Therefore, we hold that the judgment must be reversed. "Where the ultimate fact is an element of the crime charged, it may not rest on a mandatory presumption. This is true in a case where the presumption is the *only* proof of the ultimate fact, and it is true in a case where there is additional proof of the ultimate fact apart from the presumption. If the presumption is mandatory, it is irrelevant whether or not there is other evidence in the record in addition to the basic facts from which the presumption is drawn."

*Williamson v. State,* 248 Ga. 47, (1c) (1981). Thus, the fact that there was received in evidence an out-of-court admission by the appellant that the marijuana belonged to him cannot be said to render the trial judge's charge to the jury harmless error.

2. We also hold that a permissive, or rebuttable, presumption that contraband found in a house belongs to the husband by virtue of his statutory status as head of the household cannot withstand due-process scrutiny under County Court of Ulster County v. Allen, supra, and cits. In other words, the fact that the husband has been declared by statute to be the head of the household does not render it "more likely than not" that he is the possessor of contraband found therein. County Court of Ulster County v. Allen, supra, 442 U. S. at p. 165.[1]

3. Having decided that the head-of-the-household statute's contraband presumption is unconstitutional under the due-process clause, we find it unnecessary to reach the broader question of whether the statute itself can withstand equal-protection scrutiny under Orr v. Orr, supra.

*Judgment reversed. Hill, P. J., Clarke, Smith and Gregory, JJ., concur. Jordan, C. J., dissents.*

DECIDED SEPTEMBER 23, 1981.

*Hayes & Hammack, Arnold Hammack,* for appellant.
*Hobart M. Hind, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

---

[1] The following is an example of a rebuttable presumption, concerning the possession of contraband, which does pass constitutional muster:

Ladies and gentlemen of the jury, I charge you that if you find that a person owns or is the lessee of a house or premises, you will be permitted, but not required, to presume that such person is in possession of the entire premises and all the property thereon or therein. However, this is a rebuttable presumption and may be overcome by evidence in the case that others had access to the premises. Whether or not this presumption is drawn from proof that a person is the owner or the lessee of a house or premises, and whether or not the presumption once it is drawn has been overcome by proof that others had access to the premises, are questions for the jury alone. I further charge you, in that connection, that if you find that the house or premises were used by others, with the defendant, such evidence would not alone authorize a conviction, but such a fact, if it is a fact, should be considered by the jury, together with all the evidence in the case in passing upon the guilt or innocence of the defendant.