38877. NETTLES v. THE STATE.

CLARKE, Justice.

Appellant was indicted and tried for the offenses of murder and armed robbery in Clayton County. He was convicted of murder and theft by taking and sentenced to life in prison with twelve months to run consecutively. Three enumerations of error are raised on appeal of the convictions and we affirm.

1. In his first enumeration the appellant contends that the evidence is insufficient to support the conviction. The victim was last seen leaving Stan's Bar-B-Que Restaurant and Lounge in College Park, Georgia, in the early morning hours of February 21, 1982. His body was found in a wooded area accessible by car about 200 feet from a road. There was one gunshot wound to the head and other bruises on the head area. No identification was found on the body but investigators were able to identify the victim and inquiries led them to Stan's Bar-B-Que.

It was established that both the appellant and victim frequented Stan's and although they were not acquainted with each other, each was known to Stan's employees. The two men began drinking with each other on the night of February 20, and continued talking and drinking into the early morning hours of February 21. The victim had come by taxi and at some point before leaving, it was decided that appellant would give him a ride home. An employee of the lounge testified that the victim generally carried a gun which he always gave to her on his arrival and she would return it to him when he left. This procedure was followed on the night of the shooting. When the body was found there was no gun at the scene.

When the appellant was initially questioned by police he stated that he was alone when he left the establishment. After he was taken into custody he gave a statement admitting that he drove the victim to the area where the body was found and that he did shoot him. According to this statement the men agreed to drive around and drink some more in the car and the victim passed out. The appellant stated that he drove off of the road and into the woods so that he could try and "sober up" the victim to find out how to take him home. According to the appellant, he walked around to the passenger side of the car. As he tried to get the victim out, the victim became belligerent and came out of the car swinging at him. At this point appellant states that he saw the victim's gun still in the car so he reached for it and began using it as a club, trying unsuccessfully to knock him out. He explained that the gun went off by accident as the victim came towards him. During this statement the appellant claimed that he did not take the victim's wallet or watch and that he threw the gun out of the car as he drove back to the road.

The next day appellant gave a statement admitting that before he left the scene he took the wallet and watch from the body. He disposed of the wallet and kept the money. He also admitted that he had kept the gun until the next day when he sold it to a man in Forest Park.

At trial the appellant's testimony covered the same basic facts. When describing the shooting he stated that he cocked the gun and told the victim to stay away. He stated that the victim was about three feet from him when the gun just "went off." He testified that he was afraid and upset and doesn't know why he took the watch and wallet or why he didn't seek help after the shooting.

It was established at trial that the cause of death was a single gunshot wound to the head and that the gun was over two feet from the point of entry at the time of discharge. Investigators testified that the victim's watch was found at the appellant's home. It was also established that appellant had sold the gun in exchange for a quantity of marijuana. The gun was recovered and it was identified by witnesses as the gun the victim carried on the night he disappeared.

The appellant contends that since his own statements are the only direct evidence of the shooting and since he denies intent to kill there is insufficient evidence of guilt beyond a reasonable doubt as required in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Where a defendant is the sole eyewitness the explanation in his statement may be rejected by a jury if it is "not consistent with and does not explain the other direct and circumstantial evidence." *Terry*

*v. State,* 243 Ga. 11, 13 (252 SE2d 429) (1979). The court below instructed the jury on accident, self-defense and involuntary manslaughter. Given the facts of appellant's inconsistent statements to authorities, the circumstance of driving the victim to a secluded area, the robbery of the victim and the disposal of the stolen items and the failure to seek help for the victim, we hold that a rational trier of fact was authorized to reject the claims of accident or self-defense and find him guilty of murder.

2. In his second enumeration of error it is alleged that the statements given by appellant and used at trial were inadmissible in that the first statement was not voluntarily made. Prior to their admission a Jackson-Denno hearing was held outside the presence of the jury. It is conceded that Miranda warnings were properly given, but the appellant argues that the statement was improperly induced by a promise of some benefit.

The appellant testified that he only agreed to make his statement after talking one-on-one with Detective T. M. Smith. He had known Smith since high school and had dealt with him on some previous charges. Smith had arrested the appellant the previous year on a charge of enticing a child for indecent purposes; he had confessed to that crime but had not yet appeared in court on it. According to the appellant, Smith told him that if he didn't want that charge to come up soon he should tell him what happened in this case. Smith testified that he interviewed the appellant because he knew him well and the appellant had been willing to talk with him and confide in him in past cases. He stated that they talked about the past cases but that he never made a threat or a promise connected with the enticement case. Based upon the credibility and weight of the evidence before him, the trial court found that the statement was voluntary and not coerced by any promise of leniency. While this court makes an independent finding of whether the state has shown the confession to be voluntary, factual and credibility determinations by the trial judge will prevail unless clearly erroneous. *Brooks v. State,* 244 Ga. 574, 581 (261 SE2d 379) (1979). We hold the trial court did not err in submitting the statement to the jury.

3. We find no merit to appellant's final contention that a new trial is required on the ground that the charge on justification was burden shifting. Upon inquiry by the court after the charge counsel for the appellant stated he had no exceptions which amounts to a waiver of that objection on appeal. *Jackson v. State,* 246 Ga. 459 (271 SE2d 855) (1980). Furthermore, the charge makes it clear that the burden is still upon the state to prove each element of the crime when an affirmative defense is raised.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1982.

*Watson, Lawson, Joyner & Banke, K. Van Banke,* for appellant.
*Robert E. Keller, District Attorney, William L. McKinnon, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.