## 65225. WADDELL v. THE STATE.

BIRDSONG, Judge.

Perry Waddell was found guilty by jury of rape, burglary and theft by taking. A co-defendant, Dwayne Dublin, had earlier pled guilty to the same offenses. Dublin is appellant Waddell's cousin. Dublin gave a statement, and later testified at appellant Waddell's trial, that in the early morning hours of June 8, 1981, appellant entered the victim's apartment through an upstairs window and went downstairs to unlock the door and let Dublin in. The victim and her three children were asleep in the living room. (The victim testified they slept there because she had been raped the previous month, and the children were afraid to sleep alone. She had bought a shotgun and kept it on the floor by the couch where she slept.) Dublin stated essentially that he raped the victim on the couch by force while appellant restrained the victim's nine-year-old daughter on a mattress on the floor nearby; then appellant raped the victim while Dublin looked for the shotgun, which apparently appellant had

already removed. At trial the judge admitted a taped statement by appellant, which echoed Dublin's statement in material and detailed particulars, except that each cousin's version made the other out to be the instigator and the greater villain. On appeal, Waddell cites four alleged errors. *Held:*

1. Appellant contends the trial court erred in allowing appellant's taped statement into evidence, because the statement was coerced from appellant by Dublin's threats. The state's evidence in limine hearing, and during trial within the jury's presence and without, showed that appellant was interviewed or questioned on at least two occasions before he gave his taped confession on July 6, 1981. The police detectives did not threaten or coerce him; but they testified that at one of the earlier interviews the co-defendant Dublin, who had already confessed, at one point quite heatedly urged appellant to tell the truth "or he would beat the hell out of him," or words to that effect. Dublin agreed at trial that he had urged appellant to tell the truth. Appellant and Dublin had requested to be kept in the same cell and the evidence shows as a reasonable inference that even after this "threat" by Dublin, appellant and Dublin requested to remain in the same cell and were on friendly terms. Appellant confessed three or four days later, apparently after a visit by a local preacher who convinced him to tell the truth. Appellant's tape confession, without interruption or prompting, describes articulately and in some detail the events earlier described by Dublin and the victim.

The appellant testified at trial. He stated that the police coerced his confession by threats and violent language and told him everything to say; but appellant never mentioned that he had been coerced by Dublin, nor did he express any animosity towards Dublin or give any explanation as to why his cousin Dublin had wrongfully accused him, nor did he explain how the violent language of the police caused such fear that he confessed and described in such detail serious crimes he did not commit. His testimony at trial is inconsistent with his contention on appeal that his cousin, as an agent of the police, threatened to physically injure him and thus coerced his confession. The evidence in the case authorizes the finding that appellant's confession was not induced by such fear of injury as to be involuntarily made and inadmissible. See Code Ann. § 38-411. The tape confession was admissible. See esp. *Brooks v. State,* 244 Ga. 574, 581 (261 SE2d 379).

2. Neither was the tape confession inadmissible because appellant was not given the requisite Miranda rights warning. The evidence is undisputed that appellant was fully warned of his Miranda rights before the two interviews preceding the interview at

which he confessed, that appellant read and signed a "waiver" card each time. At the third interview, merely three or four days later, when appellant ultimately confessed, a law enforcement officer asked appellant if he had been advised of his rights to remain silent and to have counsel, and appellant replied that he understood his rights and did not want an attorney. The evidence shows to a preponderance, and supports the trial court's finding, that the confession was preceded by the appellant's knowing and voluntary waiver of his Miranda rights. *Brooks v. State,* supra, pp. 581-582.

3. The victim's in-court identification of appellant as one of the rapists was not inadmissible as being tainted by improper identification process before trial. The rape occurred in a nearly dark room. The mere fact, which was well explored at trial, that the victim failed to identify appellant at a line-up soon after the rape occurred does not infect her later independent identification of him as the rapist. Her identification of appellant at preliminary hearing and at trial by his "broken out" forehead was of independent origin, as she testified that she had tried to push the rapist away and felt the "bumps" on his forehead with her hand as she did so. See *Foster v. State,* 156 Ga. App. 672, 673-674 (275 SE2d 745). The identification was not constitutionally tainted so as to be inadmissible. It was properly admitted and its weight and credibility left to the jury, to be considered with the other evidence in the case.

4. Appellant's final enumeration is based on the general grounds of evidentiary sufficiency. However, we find the evidence in this case was such that a reasonable trier of fact could have found proof of guilt beyond a reasonable doubt. *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 17, 1983.

*D. Leon Sproles,* for appellant.

*F. Larry Salmon, District Attorney, Robert Engelhart, Assistant District Attorney,* for appellee.