### 67399. McLEOD v. THE STATE.

CARLEY, Judge.

Gary McLeod appeals from his convictions of trafficking in cocaine and possession of methaqualone in violation of the Georgia Controlled Substances Act, and from the denial of his motion for new trial. The relevant facts are stated in the companion cases of *Souder v. State*, 170 Ga. App. 413 (317 SE2d 251) (1984) and will not be repeated here.

1. Appellant first contends that the state failed to carry its burden of proving that his confession was "made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury," as required by OCGA § 24-3-50.

"When an appellant objects to the admission into evidence of his confession, the state must prove, by a preponderance of the evidence,

[cits.], that the confession was voluntary, and, if the confession is the product of a custodial interrogation by officers of the government, that the confession was preceded by the appellant's knowing and voluntary waiver of his Miranda rights . . . On appellate review, factual and credibility determinations by the trial court must be accepted unless such determinations are clearly erroneous . . . It is the duty of [the appellate] court to independently review the evidence to determine whether the state has carried its burden of proving the admissibility of appellant's confession by a preponderance of the evidence. [Cit.]" *Brooks v. State*, 244 Ga. 574, 581-82 (2) (261 SE2d 379) (1979).

It appears that appellant's Miranda rights were duly read to him at all appropriate times and that he never exercised his right to remain silent or to confer with legal counsel. Even though he was allowed the usual access to a telephone in the Fulton County Jail after the initial interview, appellant said he made no telephone calls because he knew no one in Atlanta to call. At no time did appellant request an attorney while under custodial interrogation so as to taint his confession under Edwards v. Arizona, 451 U. S. 447 (101 SC 1880, 68 LE2d 378) (1981). See *Mobley v. State*, 164 Ga. App. 154 (6) (296 SE2d 617) (1982). "Nor does the fact that no signed waiver was obtained from appellant militate against the finding that his confession was freely and voluntarily given. [Cit.]" *Miller v. State*, 155 Ga. App. 587 (1) (271 SE2d 719) (1980).

It does not render a subsequent confession inadmissible under OCGA § 24-3-50 that an officer merely advised an accused that it is best to tell the truth. *Tyler v. State*, 247 Ga. 119, 122 (274 SE2d 549) (1981); *Caffo v. State*, 247 Ga. 751, 757 (279 SE2d 678) (1981); *Stephens v. State*, 164 Ga. App. 398 (3) (297 SE2d 90) (1982). Certain statements made to appellant with regard to conditions at Reidsville and the possible length of his sentence fall "into the category of a mere 'truism' or 'recounting of the facts,' rather than an offer of benefit or threat of injury. [Cit.]" *Sampson v. State*, 165 Ga. App. 833, 835 (9) (303 SE2d 77) (1983). See also *Waddell v. State*, 165 Ga. App. 147 (1) (300 SE2d 519) (1983). If the means used are not calculated to procure an untrue statement, admissions or confessions are not prevented "from being free and voluntary notwithstanding the fact that they might have been obtained by artifice, trick or deception." *Moore v. State*, 230 Ga. 839, 840 (1) (199 SE2d 243) (1973); *Tyson v. State*, 165 Ga. App. 22 (2) (299 SE2d 69) (1983). See also *Smith v. State*, 160 Ga. App. 690 (287 SE2d 44) (1981). The factual determinations in this regard which were made by the trial court were not clearly erroneous. The court did not err in holding appellant's confession to have been freely and voluntarily made. Cf. *Nettles v. State*, 249 Ga. 787 (2) (294 SE2d 492) (1982).

2. Appellant also asserts that the trial court erred in failing to

grant his motion to suppress because his arrest was not made with probable cause. This issue has been decided adversely to appellant in the companion cases. *Souder v. State*, supra.

3. In his final enumeration of error appellant attacks his conviction for possession of methaqualone, contending that the evidence was insufficient to prove his constructive possession of the drug which was found in the jointly occupied motel room.

The methaqualone was found on the dresser in Room 218, along with the cocaine which, according to appellant's own statement, had been given to him by Day. The equal access rule does not preclude appellant's conviction for possession of the methaqualone. " 'A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons shared actual or constructive possession of a thing, possession is joint.' [Cit.] The evidence in the instant case would authorize a finding that appellant and his co-defendant were in joint constructive possession of the drugs in the bedroom that they were apparently sharing and in which the contraband was found. [Cits.]" *Anderson v. State*, 166 Ga. App. 459, 460 (3) (304 SE2d 550) (1983). The evidence was sufficient to enable a rational trior of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MARCH 14, 1984.

*James K. Jenkins*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Thomas W. Hayes, Assistant District Attorneys*, for appellee.