### 71159. LANE v. THE STATE.
(340 SE2d 228)

CARLEY, Judge.

Appellant was convicted of one count of possession of cocaine, in violation of the Georgia Controlled Substances Act. Appellant's motion for new trial was denied, and he appeals.

1. Appellant first enumerates the general grounds.

Taken in the light most favorable to the jury's verdict, the evidence adduced at trial showed the following: On the date in question, Agents Carter and Paris of the Metro Drug and Vice Squad met with an informant named Otis and a lady. The purpose of the meeting was to buy cocaine. The lady made a phone call and then told the others that "he" was on his way. Otis and Agents Carter and Paris went outside to their car to wait. Shortly thereafter, appellant drove by. Otis directed the agents to follow appellant and they drove to a residence on Fletcher Street. Appellant and a man named Rodriquez were standing inside the doorway. Otis assured appellant that Agent Carter was "alright" and that he was "the man" who wanted to buy the cocaine. Appellant asked Agent Carter what he wanted, and the agent told him "one ounce."

Appellant and Rodriquez went upstairs and returned a short time later. Rodriquez was carrying a plastic bag of white powder which later proved to be cocaine. Appellant was carrying a scale. Appellant and Rodriquez snorted some cocaine, and then measured some of it onto the scale. Appellant showed Agent Carter how to use the scale to assure accuracy. At this point, there was a telephone call alerting appellant and Rodriquez that Agent Carter was a police officer. During the scuffle which ensued, Agent Paris apprehended appellant, but Rodriquez fled and was not captured until later.

After his arrest, appellant admitted that he used the Fletcher Street house as his residence, and that he shared it with his girl friend. A search warrant was obtained, and in the subsequent search of appellant's residence, a strainer with cocaine residue was found upstairs. The police also found a small amount of marijuana and some capsules which contained chlordiazepoxide. There was evidence that the marijuana and chlordiazepoxide belonged to appellant's girl friend. Although he was tried in the instant case for possession of those drugs as well as the cocaine, he was found not guilty of those counts.

Appellant contends that, under the equal access rule, his motion for a directed verdict of acquittal should have been granted. " 'The

totality of the evidence was sufficient to connect the defendant to the possession of the drugs . . . even though the evidence would have authorized a finding that others had equal access to [them]. [Cits.]' [Cit.]" *Pamplin v. State*, 164 Ga. App. 610, 611 (298 SE2d 622) (1982). The jury was authorized to find that appellant had at least joint possession of the cocaine. See generally *McLeod v. State*, 170 Ga. App. 415, 417 (3) (317 SE2d 253) (1984); *Anderson v. State*, 166 Ga. App. 459, 460 (3) (304 SE2d 550) (1983). A directed verdict of acquittal is authorized only where there is *no* evidence to support a verdict to the contrary. See OCGA § 17-9-1. In the instant case, there was clearly sufficient evidence from which a rational trior of fact could find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant further contends that the trial court's instruction to the jury with regard to the crime of marijuana possession was erroneous. However, as noted above, appellant was found not guilty of marijuana possession. Therefore, error in this regard, if any, was harmless.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 23, 1986.

*Drew Findling*, for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Joseph J. Drolet, Fredric W. Tokars, Assistant District Attorneys*, for appellee.