## 73004. SMITH v. THE STATE.
### (350 SE2d 302)

SOGNIER, Judge.

Appellant was convicted of possession of a firearm by a convicted felon. On appeal he contends the evidence is not sufficient to support the verdict and that the trial court erred by denying his motion for a directed verdict of acquittal.

Officers searching for amphetamines in a home owned by appellant found an old 20-gauge shotgun with cobwebs in the barrel and a rusty pistol with part of the grip missing. They found no amphetamines. No one else was present during the search and appellant was never seen in the house, although a deed to the house listed appellant, who was a convicted felon, as the owner. The officer who obtained the search warrant did not know how many persons lived in the house; he did not know who owned or had purchased the firearms; and he did not know who occupied the bedroom where the firearms were found. The home was a three-bedroom house with clothing in all closets. The officer in charge of the search testified that at least two persons lived in the house, namely, appellant and Louise Smith (presumably appellant's wife). Appellant contends that in the absence of evidence as to who owned or possessed the shotgun and pistol, the evidence is not sufficient to support the verdict because ownership of the premises does not raise a presumption that the owner possessed all property contained therein. We agree and reverse.

"[A] permissive, or rebuttable, presumption that contraband found in a house belongs to the husband by virtue of his statutory status as head of the household cannot withstand due-process scrutiny under *County Court of Ulster County v. Allen*, [442 U. S. 140

(99 SC 2213, 60 LE2d 777) (1979)], and cits. In other words, the fact that the husband has been declared by statute to be the head of the household does not render it 'more likely than not' that he is the possessor of contraband found therein. [Cit.]" *Knighton v. State,* 248 Ga. 199, 200 (2) (282 SE2d 102) (1981). "The head of household presumption of possession of contraband found therein is no longer a viable presumption in this state." *Ramsay v. State,* 175 Ga. App. 97, 100 (7) (332 SE2d 390) (1985). Applying these principles to the facts of the instant case, it cannot be presumed that appellant, as owner and head of the household, owned or possessed the firearms found therein. Since there is no other evidence to show that appellant owned or possessed the firearms, the evidence is not sufficient to meet the standard of proof required by *Jackson v. Virginia,* 443 U. S. 307, (99 SC 2781, 61 LE2d 560). Accordingly, it was error to deny appellant's motion for a directed verdict of acquittal.

*Judgment reversed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 23, 1986.

*Steven T. Maples,* for appellant.

*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney,* for appellee.