## 77853. MOBLEY v. THE STATE.
### (380 SE2d 290)

CARLEY, Chief Judge.

Appellant was tried before a jury and convicted of possession of marijuana and possession of a firearm by a convicted felon. He appeals from the judgments of conviction and sentences entered on the jury's guilty verdicts.

1. The evidence adduced at trial showed that appellant resided in a house that he shared only with his wife and their small child. Acting pursuant to a search warrant, police officers discovered marijuana in various locations throughout appellant's house. Five bags were found in a hutch in the dining room. In the bedroom, another bag and a bottle containing marijuana were found. In addition, three bottles of marijuana seeds were found in the refrigerator and another bottle of seeds was discovered in the bedroom. Two of the four bottles of seeds bore a label with appellant's name. The officers also found rolling paper, a cigarette rolling machine and a guide for growing marijuana. Under the mattress in the bedroom, four handguns were found, including a loaded .38 caliber pistol.

On this evidence, appellant, who was previously convicted of selling marijuana in 1976, enumerates as error the denial of his motion for a directed verdict of acquittal. He relies upon *Smith v. State*, 180 Ga. App. 657 (350 SE2d 302) (1986). In *Smith v. State*, supra at 658, this court held that "it cannot be presumed that appellant, as owner and head of the household, owned or possessed the [contraband] found therein. Since there is no other evidence to show that appellant owned or possessed the [contraband], the evidence is not sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]."

In *Knighton v. State*, 248 Ga. 199, 200 (2) (282 SE2d 102) (1981), the Supreme Court held "that a permissive, or rebuttable, presumption that contraband found in a house belongs to the *husband* by virtue of his statutory status [under former OCGA § 19-3-8] as head of the household cannot withstand due-process scrutiny. . . . In other words, the fact that the *husband* has been declared by statute to be the head of the household does not render it 'more likely than not' that *he* is the possessor of contraband found therein. [Cit.]" (Emphasis supplied.) It is clear, however, that the holding in *Knighton* is not so broad as to render unconstitutional any and all rebuttable presumptions regarding the possession of contraband. "The following is an example of a rebuttable presumption, concerning the possession of

contraband, which *does* pass constitutional muster: Ladies and gentlemen of the jury, I charge you that if you find that *a person owns or is the lessee* of a house or premises, you will be permitted, but not required, to presume that *such person* is in possession of the entire premises and all the property thereon or therein. However, this is a rebuttable presumption and may be overcome by evidence in the case that others had access to the premises. Whether or not this presumption is drawn from proof that a person is the *owner or lessee* of a house or premises, and whether or not the presumption once it is drawn has been overcome by proof that others had access to the premises, are questions for the jury alone. I further charge you, in that connection, that if you find that the house or premises were used by others, with the defendant, such evidence would not alone authorize a conviction, but such a fact, if it is a fact, should be considered by the jury together with all the evidence in the case in passing upon the guilt or innocence of the defendant." (Emphasis supplied.) *Knighton v. State*, supra at 200 (2), fn. 1. Thus, notwithstanding the unconstitutionality of a rebuttable presumption of possession as against a *husband*, there is a viable rebuttable presumption of possession, *without regard to gender or marital status*, as against the *owner or lessee* of the premises where the contraband is found. It follows that, insofar as *Smith v. State*, supra at 657, holds that "ownership of the premises does not raise a presumption that *the owner* possessed all property contained therein[,]" it is in conflict with controlling Supreme Court authority and, accordingly, that decision is hereby overruled. (Emphasis supplied.)

Although the evidence in the present case does show that appellant is a husband, it also shows he is the owner or lessee of the premises where the drugs and the firearms were found. Based upon this evidence, the jury was accordingly "permitted, but not required, to presume that [he was] in possession of the entire premises and all the property thereon or therein[,]" including the drugs and firearms. *Knighton v. State*, supra at 200 (2), fn. 1. Appellant's wife was the only other adult who was shown to have access to the premises. It is clear, however, that the evidence that appellant's wife had access to the premises does not demand a finding that the presumption as against appellant had been rebutted. The presumption as against the owner or lessee is only rebutted by evidence that "persons 'other than the defendant *and members of his immediate household*' had equal opportunity to commit the crime. [Cits.]" (Emphasis in original.) *Allums v. State*, 161 Ga. App. 842, 845 (288 SE2d 783) (1982). Since appellant's wife *was* a member of appellant's immediate household, it follows that evidence of her access would not be sufficient to rebut, as a matter of law, the initial presumption which arose against appellant and that such evidence would not demand appellant's acquittal under

the "equal access" rule. Instead, the totality of the evidence was such as to be inculpatory of appellant's wife without being exculpatory of appellant because the jury was authorized to find that they had *shared* non-exclusive and joint possession of the drugs and the firearms was authorized. See generally *Luke v. State,* 178 Ga. App. 614, 615 (1) (344 SE2d 452) (1986); *Barnes v. State,* 175 Ga. App. 621 (334 SE2d 205) (1985); *McLeod v. State,* 170 Ga. App. 415, 417 (3) (317 SE2d 253) (1984); *Kenerleber v. State,* 137 Ga. App. 618 (224 SE2d 476) (1976). "As in *Prescott v. State,* 164 Ga. App. 671, 672 (1) (297 SE2d 362) (1982), so here: 'Appellant made no affirmative showing . . . that anyone *other than himself and his wife* had had actual access to the [premises] during several days or weeks prior to the discovery of the [drugs and firearms].' " (Emphasis supplied.) *Barnes v. State,* supra at 626 (1).

There is no requirement that the State must in every case prove that contraband was in the *exclusive* possession of one who is otherwise shown to be the owner or lessee of the premises. While evidence that the defendant-owner or lessee shared the premises with another does not demand a conviction, it may nevertheless authorize the jury, as the trior of fact, to find that the defendant was in at least *joint* possession of the contraband. In the present case, the presumption that arose against appellant as the owner or lessee of the premises was not rebutted as a matter of law and "[t]he jury was authorized to find that appellant had at least joint possession of the [drugs and the firearms]. [Cits.]" *Lane v. State,* 177 Ga. App. 553, 554 (1) (340 SE2d 228) (1986). As to both of appellant's convictions, the trial court correctly denied appellant's motion for a directed verdict of acquittal.

2. The trial court sentenced appellant for felony possession of marijuana. See OCGA § 16-13-30 (j) (2). Appellant enumerates his sentence as error, urging that he should have been sentenced for misdemeanor possession of one ounce or less of marijuana. See OCGA § 16-13-2 (b).

The evidence clearly authorized a finding that appellant was in possession of more than one ounce of marijuana. However, even if the evidence in the present case had demanded a finding that appellant was in possession of less than one ounce of marijuana, his applicable sentence would nevertheless be for the commission of a felony. Only a "person [who] would have qualified for the conditional discharge provided [in OCGA § 16-13-2 (a)]" is entitled to consideration for misdemeanor sentencing pursuant to OCGA § 16-3-2 (b). Appellant is clearly *not* a person who would otherwise have qualified for the conditional discharge in that he has "previously been convicted of [selling marijuana, an] offense under Article 2 or Article 3 of [Chapter 13]. . . ." OCGA § 16-13-2 (a). Accordingly, appellant's prior conviction for selling marijuana renders OCGA § 16-13-2 inapplicable and

he was properly sentenced for a felony pursuant to OCGA § 16-13-30 (j) (2).

3. The affidavit supporting the issuance of the search warrant was based upon information supplied by a confidential informant. The trial court's refusal to conduct an in-camera determination as to the veracity of the confidential informant is enumerated as error. However, appellant made no prima facie showing for the necessity of such a determination. See generally *State v. Mason*, 181 Ga. App. 806, 812 (4) (353 SE2d 915) (1987). According to the affidavit, the confidential informant had seen marijuana in appellant's residence within the preceding 36 hours. The credibility of this information was in no way compromised by the fact that appellant was himself away from his residence until the late afternoon of the day before the search warrant was sought.

4. Appellant's remaining enumerations relate to the trial court's jury instructions. These enumerations have been considered and found to be without merit.

*Judgments affirmed. McMurray, P. J., Birdsong, Pope, Benham and Beasley, JJ., concur. Deen, P. J., Banke, P. J., and Sognier, J., dissent.*

DEEN, Presiding Judge, dissenting.

I agree with the majority opinion that the appellant's conviction for possession of marijuana should be affirmed, as there was evidence, viz., the pill bottles bearing his name, connecting him to the marijuana. With regard to the conviction for possession of a firearm, however, there is no other evidence connecting him to the firearm, and under *Smith v. State*, 180 Ga. App. 657 (350 SE2d 302) (1986), that conviction cannot stand.

This court in *Smith* did not overlook the Supreme Court decision of *Knighton v. State*, 248 Ga. 199 (282 SE2d 102) (1981), as one is tacitly led to believe by the majority opinion in this case. Rather, this court properly applied the *Knighton* rule and correctly reversed the conviction in that case.

The majority opinion relies not upon the holding in *Knighton*, but upon a footnote, for the proposition that a rebuttable presumption of possession may arise from the fact of ownership or tenancy of premises. That same footnote, however, clearly states that the mere fact of ownership or tenancy of premises is not enough to support a conviction, if those premises are also used by others. That is precisely the situation in the instant case. Even under the *Knighton* footnote rule, there must be some other evidence connecting the defendant-owner or occupier to the subject matter of the offense. This court properly so held in *Smith v. State*, supra, following *Knighton*; it is the majority opinion, and not the court in *Smith*, that fails to follow

*Knighton.*

The majority opinion further errs in holding that the presumption of possession by the owner/occupier cannot be rebutted by evidence that his or her spouse also occupied the premises. In so holding, the majority opinion relies upon *Allums v. State,* 161 Ga. App. 842 (288 SE2d 783) (1982), which in turn relied upon *Ivey v. State,* 226 Ga. 821 (177 SE2d 702) (1970). The rule in *Ivey* at 824 was that "evidence that [contraband] is located on premises occupied by and under the control of the accused is usually sufficient to sustain a conviction, but that the rule is otherwise where [contraband] is found on premises occupied by the accused and it appears that persons other than the accused and members of his immediate household *of which he is the head* had equal opportunity with him to commit the crime." (Emphasis supplied.) *Ivey* clearly was applying the head of household rule that the Supreme Court ultimately found could not withstand due process scrutiny in *Knighton.* The majority opinion quotes and emphasizes the language, "members of his immediate household," and omits altogether the "of which he is the head" part. In so doing, the majority opinion has unwittingly resurrected the unconstitutional sexist distinction put to rest by the Supreme Court in *Knighton.*

*Smith v. State,* supra, is a valid and correct application of the *Knighton* rule. The majority opinion is in error in overruling *Smith* and in failing to apply it in the instant case. Accordingly, I must respectfully dissent.

I am authorized to state that Presiding Judge Banke and Judge Sognier join in this dissent.

DECIDED FEBRUARY 24, 1989 —
REHEARING DENIED MARCH 14, 1989 —

*Richard D. Phillips,* for appellant.

*Glenn Thomas, Jr.,* District Attorney, *Richard H. Taylor, John B. Johnson III,* Assistant District Attorneys, for appellee.