A90A0772. JOHNSON v. THE STATE.
(398 SE2d 828)

POPE, Judge.
Appellant Garwayne Johnson was convicted of possession of a firearm by a convicted felon. He also was charged with several drug violations, but was acquitted of those. On appeal, he argues the trial court erred in denying his motion to suppress and that the evidence was insufficient to convict him.

1. Johnson argues the search of his store/residence pursuant to one of two search warrants (the other was for another residence) was illegal because police obtained the warrants solely as a result of deception. The record shows the alleged deception was a phone call to the Johnsons placed after agents of the GBI and the Bacon County Sheriff's Department had arrested James (Jabber) Lee and his wife Jenny on charges of possession of cocaine. After Garwayne Johnson's wife had made several phone calls to the police station asking to talk

to Jenny Lee, police became suspicious.

A confidential source who had dealt with "Jabber" Lee reported that Lee had told him that Johnson was supposed to have supplied him with cocaine the night before Lee was arrested. The evidence also shows that officers of the Bacon County Sheriff's Department and the GBI had been conducting an ongoing investigation into a drug ring in which Johnson was suspected as a supplier. Agent Denson testified at the hearing on the motion to suppress that a confidential informer had purchased cocaine at Johnson's store/residence within the ten days preceding the search. Because of this knowledge and the numerous phone calls from Johnson's wife about the status of the Lees, police decided to have a jail trusty call the Johnsons and say that the police had arrested the Lees and were now heading toward the Johnsons' place. In fact, police already had the premises under surveillance when the call was placed. After the call, police observed the Johnsons pull their truck up to the premises and load something in it and then leave at a high rate of speed.

Because of the speeding and another traffic violation, police tried to stop the Johnson truck. However, Johnson did not stop, even with several cars in pursuit with their lights on. During the chase, police saw something being thrown from the Johnson vehicle. After the Johnsons were stopped, police went back and found cocaine and marijuana in small plastic bags. At this point, based on all of this information (which was provided to the magistrate in Agent Denson's affidavit in support of his request for a search warrant), police obtained a warrant to search the Johnson store/residence. During the search, police seized 26 firearms in plain view because they knew Johnson was a convicted felon.

"In determining whether probable cause supported issuance of a search warrant, a 'totality of the circumstances' test is employed. The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." (Punctuation and citations omitted.) *Butler v. State*, 192 Ga. App. 710, 712 (1) (386 SE2d 371) (1989).

The evidence in the present case supports the trial court's finding that the search warrant was issued properly upon probable cause. Contrary to Johnson's argument, the action of police in having the trusty phone the Johnsons to tell them that the law was on its way was not the sole factor in the issuance of the search warrant. Police already suspected the Johnsons of being involved in selling drugs.

554

The call was merely a ruse used to see what the Johnsons would do. The Johnsons' reaction to that call caused police to apply immediately for a search warrant in the wake of the events of the evening. However, that the call was a ruse does not invalidate the issuance of the search warrant. See *Saylor v. State*, 185 Ga. App. 634 (365 SE2d 493) (1988).

2. Johnson argues the evidence was insufficient to show that he had actual or constructive possession of the firearms. We disagree. *Smith v. State*, 180 Ga. App. 657 (350 SE2d 302) (1986), relied upon by Johnson, is distinguishable from the present case. In *Smith*, the court found the evidence of possession insufficient because the only evidence presented was that Smith was the "head of the household." However, here we have more. In his direct testimony, Johnson testified that some of the guns belonged to the store he owned and ran and had been taken as collateral in pawn transactions. This evidence is sufficient to show at least constructive possession of some of the firearms and to sustain a conviction under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 14, 1990.

*Fred R. Kopp, George L. Hoyt, Jr.*, for appellant.
*Harry D. Dixon, Jr., District Attorney, George E. Barnhill, Assistant District Attorney*, for appellee.