## A95A0809. WALTON v. THE STATE.
### (459 SE2d 184)

RUFFIN, Judge.

James Walton was convicted of possession of cocaine with intent to distribute and possession of marijuana. He appeals from the judgment entered on his conviction and sentence, enumerating as error the general grounds and ineffective assistance of trial counsel.

Viewed in a light to support the verdict, the evidence shows that prior to executing a search warrant, police gave a marked $10 bill to a confidential informant and sent him to purchase crack cocaine at a duplex in which Walton and his co-defendant, Richard Slater, lived. After the informant returned with a $10 piece of crack cocaine, the police executed the search warrant for the residence.

One of the officers who executed the warrant testified that he went into the bathroom and saw Walton and Slater leaning over the commode. Slater was raking cocaine from a plate into the toilet where several bags of cocaine had already been thrown. Slater attempted to flush the toilet as the officer struggled to push him away. Another officer then came into the bathroom and saw Walton attempting to flush the toilet. Both men were eventually restrained and removed from the bathroom. The police retrieved the bags from inside the commode and bags discovered beside the commode on the floor.

When the police searched Walton, they recovered the marked $10 bill from his pocket. A search of Walton's bedroom produced one piece of crack cocaine from the bed, a bag of marijuana from a dresser drawer, $570 in cash from the dresser, a nine-millimeter automatic gun, and bullets. There were 115 pieces of crack cocaine in the bags retrieved from the toilet and 24 pieces of crack cocaine in bags discovered on the floor, each piece packaged for sale.

1. Walton contends the evidence demonstrated that the contraband belonged exclusively to Slater, the leaseholder. For this proposition, Walton relies on his and Slater's testimony that the contraband belonged only to Slater and that he disapproved of both the drugs and Slater's enterprise, which was conducted from the duplex. Walton also denied any knowledge of the marked $10 bill. Slater testified that prior to the arrival of the police, he had been cutting the crack cocaine in Walton's bedroom and that he placed the cash on the dresser.

There is a rebuttable presumption of possession against the owner or lessee of premises where contraband is found. *Mobley v. State*, 190 Ga. App. 771 (1) (380 SE2d 290) (1989). The presumption is rebutted by evidence that persons other than the owner or lessee had equal opportunity to commit the crime. Id. In the instant case, evidence showing Walton's involvement in the sale and attempted disposal of the drugs as well as the presence of the drugs in his bedroom rebutted the presumption. See *Pamplin v. State*, 164 Ga. App. 610 (1) (298 SE2d 622) (1982). "[T]he totality of the evidence was such as to be inculpatory of [Walton] without being exculpatory of [Slater] because the jury was authorized to find that they had *shared* non-exclusive and joint possession of the drugs. . . ." *Mobley*, supra at 773. "The jury . . . had the task of evaluating the materially conflicting testimony. 'We cannot say which evidence the jury believed and which evidence the jury rejected, nor will we now substitute our judgment because we did not have the opportunity to hear the witnesses and observe their demeanor. [Cits.] The verdict evinces that the jury chose to disbelieve the material parts of [Walton's and Slater's] testimony. [Cits.] We must view the evidence in a light most favorable to the verdict and, in doing so, we conclude that . . . any rational trier of fact could have found [Walton] guilty beyond a reasonable doubt. [Cits.]' [Cit.]" *Jackson v. State*, 188 Ga. App. 834, 838 (4) (374 SE2d 777) (1988).

We also reject Walton's contention that two other persons present and arrested at the time the police executed the search warrant had equal access to the duplex. One of the individuals was present to purchase cocaine. "[T]here is no evidence these persons had equal access to that area where . . . the drugs [were] seized. Merely being somewhere within the premises for a relatively short but unspecified

time before drugs subsequently are found therein does not reasonably raise the defense of equal access." *Jones v. State*, 200 Ga. App. 519, 520 (2b) (408 SE2d 823) (1991).

2. Walton contends he was denied effective assistance of counsel at trial. He argues that trial counsel's performance was deficient because counsel did not challenge the search warrant by filing a motion to suppress and counsel failed to object to the trial court's consideration of his National Crime Information Center (NCIC) printout in imposing his sentence.

"At the hearing on the motion for new trial, the burden was on [Walton] to establish that he received ineffective assistance of trial counsel. [Cit.] To meet this burden, [Walton] was required to show not only that trial counsel's performance was deficient, but also that, absent trial counsel's deficient performance, there is a reasonable likelihood that the outcome of the trial would have been different. [Cits.]" *White v. State*, 265 Ga. 22, 23 (2) (453 SE2d 6) (1995).

(a) "When urging ineffective assistance of counsel on the basis of counsel's failure to file a motion to suppress, appellant must 'make a strong showing that if trial counsel had made a motion to suppress, the damaging evidence would have been suppressed. [Cits.]' [Cit.]" *Ruffin v. State*, 201 Ga. App. 792, 793 (2) (412 SE2d 850) (1991). Walton first contends, in essence, that the search warrant was ineffective as authority to search him and his property because the warrant was "aimed" at the leaseholder. This contention is without merit as the affidavit and warrant clearly show that the warrant was issued primarily to search the duplex and not Slater. The officer also testified that she arranged the drug purchase involving the informant with the marked $10 bill and observed that sale before executing the warrant. Thus, Walton has no basis for contending the evidence would have been suppressed had counsel challenged the sufficiency of the warrant.

(b) Walton contends that in sentencing him, the trial court improperly considered the convictions listed on his NCIC printout without objection by trial counsel. It does not appear likely, however, that Walton's sentence would have been any different if defense counsel had objected to the NCIC printout.

First, the record reveals that on direct examination, Walton volunteered that he had a prior marijuana conviction. In addition, the record also shows that immediately after the jury returned the verdict, the trial court sentenced Walton, as a recidivist, to the maximum thirty years on the cocaine conviction and ten years on the marijuana conviction, to be served concurrently. The court then ordered a post-sentence investigation for the purpose of revealing factors which might support the probation of portions of the sentence. See OCGA § 17-10-1. At the sentencing hearing following that investiga-

tion, the State revealed to the trial court that it recently discovered Walton's NCIC record which contained a number of prior convictions, including drug convictions. Walton contends that the State failed to give pretrial notice of these convictions as required by OCGA § 17-10-2 (a) and that the convictions likely influenced the trial court's decision to maintain the maximum sentence. The record reflects, however, that the trial court specifically found that the post-sentence investigation failed to reveal anything which would support probating any of Walton's sentence. Hence, Walton has no basis for arguing that the sentence would have been different but for counsel's failure to object to the NCIC printout.

(c) Walton raises other "errors" allegedly committed by defense counsel. Sufficient evidence was introduced at the hearing, however, to permit the trial court to conclude that counsel's performance was not deficient; thus, the court's denial of Walton's motion for new trial was not clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986). On the other hand, even if counsel's performance is deemed deficient, the grant of a new trial was not required because "the trial court was also authorized to find that, absent trial counsel's alleged deficient performance, there still was no reasonable likelihood that the outcome of the trial would have been any different." *White*, supra at 23.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JULY 10, 1995.

*L. Elizabeth Lane*, for appellant.
*Charles H. Weston, District Attorney, Laura D. Hogue, Assistant District Attorney*, for appellee.