A92A0536. BEAN v. THE STATE.
(418 SE2d 798)

POPE, Judge.

Appellant/defendant Roderick Lamar Bean appeals his conviction for possession of cocaine with intent to distribute and obstruction of an officer. Defendant contends that there was insufficient evidence as a matter of law to support his conviction on both counts.

Construing the evidence in the light most favorable to support the verdict, the jury was authorized to find the following facts. On March 14, 1991, at approximately midnight, four officers from various law enforcement agencies in the Thomasville-Thomas County area were patrolling a known drug area in Thomasville. As they approached defendant, who was attempting to enter a car, a driver of a nearby truck yelled to defendant "[t]here's the [p]olice." Defendant began running and two of the officers ran behind him. They observed defendant making a throwing motion shortly before he stopped, but did not see what he threw from his hand. While one officer restrained defendant, the other officer made a search of the area and found a tissue containing approximately four pieces of crack cocaine and some crumbs. No other debris was found in the area. After defendant learned what the officer had found, he told them they did not see him throw the cocaine.

1. Defendant first argues no evidence was presented that he possessed the cocaine found by the officer in the area where he was apprehended. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. "A reasonable hypothesis as

used in this Code section refers only to 'such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; (it) does not mean that the act might by bare possibility have been done by someone else.' [Cits.]" *Prescott v. State,* 164 Ga. App. 671, 672 (297 SE2d 362) (1982).

At trial, defendant testified he was visiting a friend at an apartment close to where the cocaine was found and was attempting to unlock a car belonging to another acquaintance when the police detained him. He denied fleeing from the police, making any statement to the police and possessing cocaine. No other witnesses were called to corroborate defendant's testimony.

The State presented evidence that the apartment where defendant claimed his friend lived was empty. Although the cocaine was found in a public area, it was found immediately after defendant was detained, close to where the defendant made a throwing motion and the tissue in which the cocaine was found was the only debris located in the area. Thus, contrary to defendant's contentions, the State was able to show more than defendant's mere spatial proximity to the contraband. The evidence points toward defendant and only him. We hold sufficient evidence was presented to authorize the jury to disregard the only hypothesis offered by defendant and to authorize defendant's conviction for possession of cocaine. See *Ranalli v. State,* 197 Ga. App. 360 (1) (398 SE2d 420) (1990); *Lowman v. State,* 197 Ga. App. 556 (1) (398 SE2d 832) (1990).

2. Defendant further argues insufficient evidence was presented to authorize the jury to conclude that he possessed the cocaine with intent to distribute. The State presented the testimony of the arresting officers, both experienced drug agents, who testified that the four pieces of cocaine found in the tissue were the size commonly sold on the street for $20. They also testified that mere users usually did not possess as much cocaine as was found in the tissue. Sufficient evidence was presented for the jury to find defendant guilty of possessing cocaine with intent to distribute beyond a reasonable doubt. *Volcey v. State,* 200 Ga. App. 881 (1) (410 SE2d 36) (1991).

3. In regard to the obstruction charge, defendant contends the State failed to prove he fled and attempted to hide and destroy evidence. As was discussed, supra, both arresting officers testified that defendant fled and that he threw something. The jury was authorized to find defendant threw the tissue which contained cocaine in an attempt to hide and/or destroy the evidence. We hold sufficient evidence was presented for the jury to find the defendant guilty of both crimes charged beyond a reasonable doubt.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED MAY 14, 1992.

Andrews & Seery, Stephen H. Andrews, for appellant.

H. Lamar Cole, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys, for appellee.