A92A0325. CANTRELL v. THE STATE.
(419 SE2d 141)

BIRDSONG, Presiding Judge.
Sherry Cantrell was convicted of possession of cocaine with intent to distribute and possession of a firearm by a convicted felon. She contends the evidence is insufficient to sustain the convictions.

A warrant was obtained to search an apartment at 999 Cooley Drive in Gainesville, upon the affidavit of Detective Spillers to the effect that a reliable informant reported he had observed at that address a quantity of cocaine which was being offered for sale to numerous persons. The warrant authorized a search of the person of Sherry Cantrell at those premises. At about 12:00 or 1:00 a.m. on January 27, 1990, officers entered the very small one-bedroom apartment. Co-defendant Doug Cantrell was on the sofa in the living room with two other males. Within 30 seconds or so, Spillers saw appellant Sherry Cantrell standing at the bedroom doorway. He saw her discard something on the floor, and on inspection of that floor area, he found the corner of a plastic bag which contained cocaine. Under the bed were found a similar bag of cocaine and a shoe box containing 12 similar packets of cocaine and $190 in tens and twenties. The cocaine amounted to 15.4 grams. In the dresser drawers in the bedroom were found three more plastic bag corners, and in a drawer with female clothing was found a .25 caliber semi-automatic Raven handgun. No contraband was found on appellant's person, but one of two keys which fit the apartment doors was found on her, and female clothing,

makeup and jewelry were found in the bedroom. Two .25 caliber bullets were found on Doug Cantrell's person.

The co-defendants testified they are cousins, that Sherry Cantrell did not live at the apartment, and that it was leased to Doug Cantrell but once or twice appellant had made the rent payment for him. Doug Cantrell testified he came home alone that night and fell asleep on the sofa, and he did not know that appellant or anyone else was in the apartment until the police woke him. Appellant denied that the clothes in the bedroom were hers. Spillers testified that he had seen Sherry Cantrell on other occasions at this residence.

Appellant argues that aside from the bag of cocaine she was seen discarding on the floor, the evidence fails to show she was in either actual or constructive possession of the other contraband and at best shows there were several individuals in the apartment who had equal access and opportunity to commit the crimes, and that the evidence raises the presumption that the contraband belonged solely to the apartment lessee, Doug Cantrell. See *Mobley v. State,* 190 Ga. App. 771 (380 SE2d 290); *Blankenship v. State,* 135 Ga. App. 482 (218 SE2d 157); and *Gee v. State,* 121 Ga. App. 41 (172 SE2d 480).

In the first place, it is, under all the evidence in the case, not correct to say the jury could make no reasonable inference connecting appellant's possession of the bag of cocaine she was seen discarding, to the remainder of the cocaine found under the bed in the same room. The evidence authorized the jury to conclude appellant was in joint possession of the premises with Doug Cantrell. The presumption which appellant contends would attribute possession of the cocaine to the lessee Doug Cantrell is a permissive and not a required presumption. *Mobley,* supra at 772; *Knighton v. State*, 248 Ga. 199, 200 (2) fn. 1 (282 SE2d 102). As was held in *Mobley* at 773, the totality of the evidence in this case was such as to be inculpatory of appellant Sherry Cantrell without being exculpatory of Doug Cantrell because the jury was authorized to find that they had shared non-exclusive and joint possession of the drugs and of the firearm. The evidence inculpates appellant with possession of the cocaine in the small bedroom where she evidently lived. See similarly *McKelvey v. State,* 185 Ga. App. 855, 857 (366 SE2d 231). The equal access rule which appellant invokes (*Gee,* supra; *Blankenship,* supra) applies for the most part to areas which are open, notorious and easily accessible to other persons. The contraband was found in a bedroom in areas where accessibility was that of the occupants of the bedroom and not others. See *McKelvey,* supra at 857; see *Wells v. State,* 196 Ga. App. 133, 134 (395 SE2d 296). Likewise, the jury was authorized to find appellant to be in constructive possession of the gun found in the dresser drawer with female clothing; inasmuch as she had a prior conviction for aggravated assault, the jury was authorized to find her in possession of a

firearm as a convicted felon. The totality of evidence in the case is sufficient to authorize a rational trier of fact to find appellant's guilt of both charges beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MAY 22, 1992.

*Summer & Summer, Daniel A. Summer,* for appellant.

*C. Andrew Fuller, District Attorney, Lee Darragh, C. David Turk III, Assistant District Attorneys,* for appellee.