### A93A0754. EBERHART v. THE STATE.
(431 SE2d 158)

JOHNSON, Judge.

Andrew Eberhart appeals from his convictions of possession of cocaine with intent to distribute and possession of marijuana with intent to distribute. Eberhart's sole argument is that there was insufficient evidence that he was in possession of either the cocaine or marijuana.

The evidence shows that police officers executed a search warrant at an apartment leased in the name of Savina Huff. The police found Huff, Eberhart and a child in the apartment. One of the officers testified that Eberhart had a personal relationship with Huff and lived in the apartment with her. The apartment has two bedrooms. The master bedroom contained adult male and female clothing and appeared to be occupied by Eberhart and Huff. The other bedroom was occupied by the child. In the master bedroom, at the foot of the bed, the police found a brown paper bag containing 18 individually packaged "rocks" of "crack" cocaine, a larger chunk of crack cocaine which could be cut into approximately 25 more rocks, and 23 plastic bags of marijuana. Next to the brown paper bag the police found a locked briefcase. Eberhart either unlocked the briefcase for the police

or gave them the combination to unlock it. Inside the briefcase the police found marijuana stems and residue, finger scales typically used to weigh marijuana, a single-edged razor blade, two $100 bills and an envelope addressed to Eberhart at the apartment. In a kitchen cabinet the police found a bowl containing a bag of cocaine, a razor blade and three bags of marijuana; they also found a number of empty plastic bags similar to those used to package the individual rocks of crack found in the bedroom.

The evidence authorized the jury to conclude that Eberhart was in joint possession of the premises with Huff; the totality of the evidence was such as to be inculpatory of Eberhart without being exculpatory of Huff because the jury was authorized to find that they shared non-exclusive and joint possession of the drugs. *Cantrell v. State*, 204 Ga. App. 330, 331 (419 SE2d 141) (1992); *Mobley v. State*, 190 Ga. App. 771, 773 (1) (380 SE2d 290) (1989). The equal access rule applies for the most part to areas which are open, notorious and easily accessible to other persons. *Cantrell*, supra. The drugs were found in a bedroom and a kitchen in areas accessible to the occupants of the apartment and not to others. Reviewing the evidence in the light most favorable to the jury's verdict, we find that a rational trier of fact could have found Eberhart guilty of the two charges beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge John W. Sognier concur.*

DECIDED APRIL 27, 1993.

*Janet S. Willy*, for appellant.
*Harry N. Gordon, District Attorney*, for appellee.