## A93A0164. JONES v. THE STATE.
(430 SE2d 877)

ANDREWS, Judge.

Jones was convicted of possession of cocaine with intent to distribute and of obstruction of a police officer and appeals. In his sole enumeration of error, he claims that the evidence was insufficient to convict him.

Viewing the evidence most favorably to the verdict, it was that special agent Gregory Hobbs of the Thomasville-Thomas County drug squad received information from a confidential informant at 9:30 p.m. on January 24, 1992, regarding Jones' activities at a trailer park in Coolidge. After receiving the call, Hobbs, who was in his marked patrol car with agent Mullins, contacted deputy sheriff Kornegay and sheriff's posse members William and Eddie Brown and requested that they meet him and proceed with him to the trailer park.

The officers met and drove to the trailer park in three separate patrol cars. The first to arrive were William and Eddie Brown. They were followed by Kornegay, and then by Hobbs and Mullins.

When the first vehicle pulled into the driveway of the trailer park, Jones was sitting in his pickup truck. There was a group of about four people standing outside around a fire. Upon seeing the patrol car, Jones jumped out of his truck and ran to the left of one of the trailers. The officers chased Jones. None of the people standing around the fire ran away from the officers.

Jones ran in a crouched position with his hands held close to his body. After chasing Jones behind a trailer, Brown told Jones to stop and Jones complied. Hobbs then performed a pat-down search of Jones, during which $437, comprised in part of thirteen $20 bills, fourteen $10 bills, and twelve $1 bills, were found in his front pocket. One hundred and forty-two dollars were found in the ashtray of the pickup truck where Jones had been sitting in the form of five $20 bills, two $10 bills, three $5 bills, and seven $1 bills.

After the chase, the officers retraced Jones' path of travel and found a container of crack cocaine in the path. The substance was divided into 17 pieces, was packaged in a plastic bag, and had a street value of about $340. There was no testimony that anyone had seen Jones in possession of the drugs, nor was there any testimony that anyone had witnessed Jones throwing it. The man who lived in the mobile home closest to where the drugs were found testified that the drugs on the ground did not belong to him and that he knew nothing about how the substance got there. There was no testimony that any person other than Jones had been seen in the area in which the drugs were found.

Jones testified at trial and denied that the drugs were his. He stated that on the evening in question people were standing around

the fire, drinking and smoking marijuana. He testified that he ran when the police arrived because he was scared in that he was associating with people whom he knew to be in possession of drugs.

In Jones' sole enumeration of error he argues that the evidence here was insufficient for conviction. He cites *Prescott v. State*, 164 Ga. App. 671 (297 SE2d 362) (1982), and argues that his mere presence near the contraband was insufficient evidence upon which to convict him and that other persons had an equal opportunity to commit the crime. He also claims that the existence of another reasonable explanation for the presence of the contraband on the ground bars his conviction here.

We find Jones' arguments without merit. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6. A reasonable hypothesis as used in this Code section refers only to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; it does not mean that the act might by bare possibility have been done by someone else." (Punctuation omitted.) *Bean v. State*, 204 Ga. App. 242, 243 (1) (418 SE2d 798) (1992).

Here, there was sufficient evidence to support the conviction. Jones jumped out of his truck and ran upon seeing the police officers. No one else in the area ran from the officers. There was no testimony that any other person was seen in the area in which the contraband was found. Furthermore, Jones was in possession of a large amount of money in small denominations.

"Thus, contrary to defendant's contentions, the State was able to show more than defendant's mere spatial proximity to the contraband. The evidence points toward defendant and only him. We hold sufficient evidence was presented to authorize the jury to disregard the only hypothesis offered by defendant and to authorize defendant's conviction. . . ." (Citations and punctuation omitted.) *Bean*, supra at 243. There was no affirmative evidence that anyone other than Jones had an equal opportunity to commit the crime. *Cochran v. State*, 190 Ga. App. 884, 885 (1) (380 SE2d 319) (1989).

With regard to the charge of obstruction of a police officer, Jones argues that there is no evidence that he failed to comply with any request of the police officers. Appellant claims that there was no evidence that he "attempted to conceal or destroy evidence" as charged in the indictment and that therefore the evidence was insufficient. Based on our conclusion above, we find this argument without merit. See generally OCGA § 16-10-24; *Bean*, supra at 243 (3).

The evidence was sufficient for conviction on both charges. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 29, 1993.

*Whitehurst, Cohen & Blackburn, Steven B. Kelley,* for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys,* for appellee.