A95A2390. ANDREWS v. THE STATE.
(466 SE2d 909)

JOHNSON, Judge.

A jury found Orasama Andrews guilty of possession of cocaine. He appeals following his conviction and the denial of his motion for new trial.

1. Andrews contends that the evidence was insufficient to authorize his conviction because other people had access to the house and

bedroom in which the cocaine was found. Viewed in the light most favorable to the verdict, the evidence shows that Andrews lived in his mother's house at 216 Cindy Street with his mother, Janet White and Marcus Smith. The testimony conflicts as to whether Andrews' girl friend, Holly Bell, actually lived in the house with him or just spent the night there occasionally. After receiving a complaint that drugs were being sold out of the residence by Andrews, Bell, Smith and White, police conducted an undercover buy in which Smith sold an informant cocaine in the house. Police then obtained a warrant to search the residence. When they entered the house unannounced, they found Andrews leaving a bathroom, White in the southwest bedroom, and Bell and a juvenile in the living room. Officers found three rocks of crack cocaine under the bed in the northwest bedroom. They also found in the same bedroom a checkbook from a joint account bearing Andrews' and Bell's names, men's and women's clothing and a cellular phone service application completed in Bell's name.

"The equal access defense is based on the rule that merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. For the equal access rule to rebut the inference of defendant's possession of contraband, affirmative evidence must be presented that a person other than the defendant had equal access to the premises where the contraband was found." (Citations, punctuation and emphasis omitted.) *Nelson v. State*, 199 Ga. App. 487, 488 (1) (405 SE2d 310) (1991). In this case, while there was some evidence that Bell shared the room with Andrews, there was also evidence, including her own testimony, that she lived elsewhere and only spent the night in the house occasionally. "Whether the evidence presented is sufficient to rebut the evidence of equal access is an issue for the jury. [Cit.]" *Garvey v. State*, 176 Ga. App. 268, 275 (6) (335 SE2d 640) (1985). A jury could have found from the evidence presented that neither Bell nor any other person had an opportunity equal to Andrews to place the contraband in the area where it was found. In addition, we note that possession may be joint or exclusive. Id. at 275 (6). Therefore, the fact that Bell may have also had access to the area where the cocaine was found does not necessarily exculpate Andrews. The evidence is sufficient to authorize a rational trier of fact to find Andrews guilty of possession of cocaine beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Cantrell v. State*, 204 Ga. App. 330, 331 (419 SE2d 141) (1992); *Davis v. State*, 203 Ga. App. 315 (1) (416 SE2d 789) (1992).

2. Andrews claims that evidence seized from the residence should have been suppressed because the warrant authorized the search of Smith's residence, yet the police conducted a search of the entire resi-

dence. This argument is without merit. That the search warrant specifically shows 216 Cindy Street as the premises to be searched is sufficient.

"The failure to name a person in the search warrant is not fatal. Search warrants are not directed at persons; they authorize the search of 'places' and the seizure of 'things,' and as a constitutional matter they need not even name the person from whom the things will be seized." (Citations and punctuation omitted.) *Bing v. State*, 178 Ga. App. 288, 289 (1) (342 SE2d 762) (1986). Furthermore, where "several persons occupy the premises in common, sharing common living quarters but having separate bedrooms, the courts have held that a single warrant describing the entire premises is valid and justifies the search of the entire premises. [Cits.]" Id. at 290 (1). We find no error.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED JANUARY 9, 1996.

*William A. Fears*, for appellant.

*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney*, for appellee.