## A98A0239. PARKER v. THE STATE.
### (502 SE2d 310)

SMITH, Judge.

A Union County grand jury indicted Rodney Dean Parker for the offenses of possession of methamphetamine, possession of methamphetamine with intent to distribute, possession of less than an ounce of marijuana, and obstruction of a law enforcement officer. He was found guilty by a jury on the charges of possession of methamphetamine and obstruction of a law enforcement officer and acquitted on the remaining charges. He appeals from the judgments of conviction and sentence following the denial of his motion for new trial. Finding no error, we affirm.

Construed to support the conviction, the evidence showed that Agent Robert Kern of the Appalachian Drug Task Force received information from two sources that caused him to begin investigating Parker. In the course of Kern's investigation, an informant, Joey Murphy, planned to purchase approximately 3.5 grams of methamphetamine, known as an "eight-ball," from Parker. Kern provided Murphy with $300 in task force funds to buy the drugs. At the appointed time, however, Parker did not have an "eight-ball" at his residence and barber shop in Union County, and Murphy, Parker, and Parker's girlfriend, Marian Pendley, set out in Parker's van for Stockbridge, where Parker knew someone from whom they could obtain the drugs. Murphy drove the van, Parker was in the front passenger seat, and Pendley was in the back.

At a restaurant in Stockbridge, they turned over the money — the $300 provided by Kern, plus an additional $100 furnished by Parker — to a woman named Paula. They later went to Paula's apartment in a motel, and the drugs were given to them. According to Murphy, Pendley handed over the cash, and the drugs were later given to Parker. This was disputed by Parker, who testified that Murphy alone handed over the money and received the drugs. The three then headed back to Union County, in the same positions in the van as on the drive down. Murphy testified that he observed Parker and Pendley using the drugs both in the motel in Stockbridge and in the

back seat of the van on the way home. He testified that the drugs were placed in a pocket on the back of the front passenger seat of the van.

As they turned into Parker's driveway, Kern and other officers, who had been waiting, pulled in behind them. Parker immediately jumped out of the rolling van and fled into the woods. The officers identified themselves and ordered Parker to halt, but he ignored the command. The officers were unable to locate Parker and turned their attention to the two persons remaining in the van and the van itself. Their search of the van and its occupants revealed no drugs, but two syringes were found in the pocket on the back of the front passenger seat.

Officers then summoned the Union County 911 Center supervisor, who was female, to further search Pendley's person. She initially found nothing on Pendley's person. But she accompanied Pendley to the bathroom, where Pendley removed a plastic bag containing an off-white chunky material from her vagina and handed it over. Murphy testified he had seen Pendley hide the drugs on her person in the van. This bag was turned over to the officers, and a forensic chemist testified that the substance in the bag tested positive for methamphetamine. About one week later, Parker surrendered and was arrested.

1. Parker contends this evidence was insufficient to support his conviction for possession of methamphetamine because the State failed to prove that the offense was committed in Union County or that venue was proper there. We do not agree.

We note initially that it is easy to appreciate Parker's confusion with regard to the proper measure of the State's burden with regard to proving venue. See, e.g., *Joiner v. State*, 231 Ga. App. 61 (497 SE2d 642) (1998); *Hall v. State*, 226 Ga. App. 298 (1) (485 SE2d 800) (1997); *Brinkworth v. State*, 222 Ga. App. 288, 289-291 (474 SE2d 9) (1996) (Ruffin, J., dissenting). But in this case, it was not necessary for the State to prove that Parker held the drugs or that they were actually on his person in Union County. The State conceded at trial that it was not seeking to prove actual possession. The State sought to show only either (a) that Parker was in constructive possession of the methamphetamine, or (b) that he was a party to the crime of another person's actual possession.

(a) To prove constructive possession, the State was required to show that although not in actual possession, Parker knowingly had both the power and the intention at a given time to exercise control over the drugs. *Allen v. State*, 191 Ga. App. 623, 624 (2) (382 SE2d 690) (1989). We conclude that the State proved this beyond a reasonable doubt.

Testimony was presented, although it was also disputed by

Parker, that Parker was handed the drugs in Stockbridge. It is undisputed that he arranged the buy. Evidence showed the drugs were in the pocket in back of the front passenger seat of the van and that Parker was sitting in that seat, in spatial proximity to the drugs. When Parker jumped out of the van in Union County, the drugs at issue were still located directly behind his seat. Evidence was also presented that Parker actually used a portion of the purchased drugs on the ride home, confirming the inference that Parker not only was near the drugs and had easy access to them, but that he exercised control over them along the way and intended to continue to exercise control over them in Union County.

Parker's flight when the officers approached further confirms this intention. "[A]n accused's flight, such as occurred in this case, is circumstantial evidence of consciousness of guilt; the fact that a suspect flees the crime scene points to the question of guilt in a circumstantial manner. [Cit.]" *Agony v. State*, 226 Ga. App. 330, 331 (486 SE2d 625) (1997). The State presented ample evidence, both direct and circumstantial, to prove beyond a reasonable doubt that Parker constructively possessed the methamphetamine in Union County.

(b) Our conclusion that the State presented sufficient evidence of constructive possession in Union County renders unnecessary an analysis of the State's alternative theory of party to a crime.

2. After an overnight recess, Parker's counsel called the trial court's attention to a listing of pleas in the local weekly newspaper. The paper erroneously listed Pendley as having pled guilty to possession of methamphetamine and possession of methamphetamine with intent to distribute. Counsel requested that the court ask the jurors whether they read the listing.

The trial court properly refused to do so. We agree with the trial court that this inquiry was not relevant to the issues in the case being tried. The Supreme Court of Georgia has held that in this regard, the test for relevancy is whether the evidence offered renders the desired inference more probable than it would be without the evidence. *White v. State*, 257 Ga. 236 (356 SE2d 875) (1987). In this case, the inference desired by Parker is that he is not guilty. As the prosecutor pointed out, even if jurors read the listing, the information in the paper could as well inure to Parker's benefit as to his detriment: the jurors could believe that Pendley pled guilty because the drugs were hers and that Parker therefore was not guilty. This test shows that the information was not relevant, and the trial court did not err in refusing to question the jurors about the newspaper listing.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 5, 1998 —
RECONSIDERATION DENIED MAY 21, 1998.

*Ann M. Vaughan,* for appellant.
*Albert F. Taylor, Jr., District Attorney, Mary E. Moore, Darrell E. Wilson, Assistant District Attorneys,* for appellee.