## A01A1429. JENKINS v. THE STATE.
### (553 SE2d 378)

MILLER, Judge.

Derrick Dewayne Jenkins was convicted of armed robbery and possession of a firearm during the commission of a felony. After the denial of his motion for new trial, Jenkins appeals, challenging the admission of his confession. We discern no error and affirm.

Jenkins claims that his statement admitting to the robbery was involuntary because it was obtained through threats and the hope of benefit. At the *Jackson-Denno* hearing, Jenkins testified that the rea-

---

[12] Id.

son he confessed to committing the robbery was because one of two investigators who interviewed him promised a lighter sentence if he confessed. Jenkins further testified that this same investigator threatened him with physical harm and told Jenkins that if he did not cooperate he would have Jenkins's kids taken away from him. Both investigators testified that they did not offer Jenkins the slightest hope of benefit of a lighter sentence and that they did not threaten him. And both denied telling Jenkins that they would take away his children.

In admitting the statement, the court found that Jenkins voluntarily spoke to investigators and that he was apprised of his *Miranda* rights. The court further found that the investigators were credible witnesses and that Jenkins was not. The court concluded that Jenkins gave his statement voluntarily without any threats or hope of benefit.

It is the prosecution's burden to show the voluntariness of a custodial statement by a preponderance of the evidence.[1] And factual and credibility determinations made by a trial judge after a voluntariness hearing must be accepted by appellate courts unless such determinations are clearly erroneous.[2]

Here, as the trial court's determination is supported by evidence, although contradicted, it is not clearly erroneous and is therefore affirmed.[3]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 2, 2001.

*William T. Payne*, for appellant.
*W. Kendall Wynne, Jr., District Attorney*, for appellee.

---

[1] *Tucker v. State*, 231 Ga. App. 210, 212 (1) (a) (498 SE2d 774) (1998).
[2] Id.
[3] *Hammett v. State*, 246 Ga. App. 287, 288 (1) (539 SE2d 193) (2000); see *Watson v. State*, 159 Ga. App. 618, 620 (2) (284 SE2d 636) (1981) (there was evidence to support trial court's admission of confession where officer contradicted defendant's claim that he was intoxicated when he gave incriminating statement).