A07A0921. RUBIA v. THE STATE.
(650 SE2d 797)

MILLER, Judge.

Following a jury trial, Luis Coba Rubia was convicted of trafficking in methamphetamine and possession of cocaine. Rubia appeals, contending the trial court, at a voluntariness hearing, erred in refusing to suppress his oral confession because his statement was induced by the hope of benefit in violation of OCGA § 24-3-50. Discerning no error, we affirm.

"Factual and credibility determinations . . . made by a trial judge after a voluntariness hearing must be accepted by appellate courts unless such determinations are clearly erroneous." (Citation and punctuation omitted.) *Tucker v. State*, 231 Ga. App. 210, 212 (1) (a) (498 SE2d 774) (1998); *Jenkins v. State*, 251 Ga. App. 76 (553 SE2d 378) (2001).

The evidence shows that in June 2005, a Clayton County police officer made telephonic arrangements for the purchase of one ounce of methamphetamine. The officer spoke with an unidentified person who agreed to sell the drugs, and who provided an address where the drugs could be purchased. Special Agent Eric Arroyo and a uniformed officer went to that address, an apartment located at 661 Sherwood Avenue in Clayton County. Rubia answered the officers' knock, and Agent Arroyo advised him they were investigating a drug complaint and asked for his consent to search the apartment. Rubia gave his

consent, and in the search that followed, the officers seized digital scales, 148.99 grams of methamphetamine, and 3.20 grams of cocaine.

After confiscating the contraband, Agent Arroyo read Rubia and the others in the apartment their *Miranda* rights in English, explained such rights to them in Spanish, and then interrogated them separately. In questioning Rubia, Agent Arroyo told Rubia that if adults were arrested, their children would routinely be taken to the Clayton County Department of Family and Children Services ("Clayton DFACS"). Rubia then told Arroyo that the drugs belonged to him. Rubia claims that the foregoing admission was involuntary because it was induced by the hope of benefit in violation of OCGA § 24-3-50. We disagree.

"To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50. See *Davenport v. State*, 277 Ga. App. 758, 759 (1) (627 SE2d 133) (2006). The State bears the burden of showing the voluntariness of a statement by a preponderance of the evidence, and in determining whether the State has met its burden "the trial court must consider the totality of the circumstances." (Punctuation and footnote omitted.) *Neill v. State*, 247 Ga. App. 152, 153-154 (2) (543 SE2d 436) (2000).

Here, Agent Arroyo's statement that the police as a matter of policy placed children in the custody of Clayton DFACS upon the arrest of their parents "was a mere 'truism' or recounting of fact[ ] rather than a threat of injury or promise of benefit within the meaning of OCGA § 24-3-50. [Cits.]" *Anderson v. State*, 224 Ga. App. 608, 610 (1) (481 SE2d 595) (1997). "Hope of lighter punishment, induced by one other than the defendant, is usually the 'hope of benefit' referred to in OCGA § 24-3-50. [Cit.]" *Wesley v. State*, 177 Ga. App. 877, 880 (4) (341 SE2d 507) (1986).

Since the trial court's pre-trial determination of voluntariness is supported by a preponderance of the evidence, it is not clearly erroneous and will not be disturbed on appeal. *Tucker*, supra, 231 Ga. App. at 212 (1) (a); *Jenkins*, supra, 251 Ga. App. at 76.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 7, 2007.

*Patricia F. Angeli*, for appellant.
*Jewel C. Scott, District Attorney, Anece Baxter, Assistant District Attorney*, for appellee.