## A08A0634. JENKINS v. THE STATE.

(661 SE2d 617)

RUFFIN, Presiding Judge.

Following a jury trial, Lonnie Jenkins was found guilty of possessing cocaine with the intent to distribute.[1] In his sole enumeration of error on appeal, Jenkins challenges the sufficiency of the evidence. Finding the evidence sufficient, we affirm.

On appeal from a criminal conviction, Jenkins no longer enjoys a presumption of innocence, and we view the evidence in a light most favorable to the verdict.[2] We neither weigh the evidence nor judge the credibility of witnesses, but only ascertain whether the evidence was sufficient to establish guilt beyond a reasonable doubt.[3] Viewed in this light, the evidence shows that Officer Jerry Gaskins attempted to stop Jenkins for running a stop sign and driving a vehicle with a broken taillight. Although Jenkins stopped the vehicle, he fled from the police. The police searched the vehicle and found several baggies, a razor, a scale, several prescription pills, marijuana, and a small amount of crack cocaine. Based on this evidence, the jury found Jenkins guilty of possessing cocaine with the intent to distribute.

Jenkins argues that there was insufficient evidence to convict him of possessing cocaine with the intent to distribute. We disagree. Gaskins testified that the baggies, scale, and razor found in the vehicle Jenkins was driving were consistent with the cutting, packaging, and sale of illegal drugs. Based on this testimony and the cocaine seized from the car, the jury could infer that Jenkins had the intent to distribute the cocaine.[4]

---

[1] Jenkins was also convicted of possessing marijuana and failing to obey a traffic control sign; he does not challenge those convictions on appeal.

[2] See *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004).

[3] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] See *Copeland v. State*, 273 Ga. App. 850, 853-854 (2) (616 SE2d 189) (2005) (scale, small plastic baggies, cash, and small amount of cocaine provide sufficient evidence of the intent to distribute); *Lipsey v. State*, 287 Ga. App. 835, 837 (1) (652 SE2d 870) (2007) (possession of scale "typically used to weigh drugs for distribution" can be an indicia of the intent to distribute);

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED APRIL 17, 2008.

*Catherine M. Smith, James C. Bonner, Jr.*, for appellant.
*J. David Miller, District Attorney, Brian A. McDaniel, April M. Senn, Assistant District Attorneys*, for appellee.

---

*Smith v. State*, 226 Ga. App. 150, 151 (2) (485 SE2d 538) (1997) (small amount of marijuana, baggies, and officer's testimony that the method of packaging was consistent with the sale of drugs provide sufficient evidence of the intent to distribute).