## A08A0788. MALDONADO v. THE STATE.

(667 SE2d 156)

ELLINGTON, Judge.

A Clayton County jury found Oscar Maldonado guilty beyond a reasonable doubt of trafficking in methamphetamine, OCGA § 16-13-31 (e), and possession of cocaine, OCGA § 16-13-30 (a). He appeals, challenging the sufficiency of the evidence. Finding no error, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence. We determine only whether the evidence authorized the jury to find the defendant guilty beyond a reasonable doubt, and in doing so we neither weigh that evidence nor judge the credibility of the witnesses.

(Citations and punctuation omitted.) *Castillo v. State*, 288 Ga. App. 828 (655 SE2d 695) (2007).

The instant case arose following a consent search of a Clayton County apartment shared by Maldonado, his wife, Maria Castillo, and five other individuals. During the search, officers seized a total of 148.99 grams of methamphetamine and 3.2 grams of cocaine, as well as about $4,100 in cash, a business ledger, weapons, and other items commonly used in drug trafficking. They also found documents showing that Maldonado lived at the apartment, including an automobile insurance bill and a driver's license, both of which listed Maldonado's name and the apartment's address. The State charged Maldonado, Castillo and a third individual, Luis Rubia, with trafficking in methamphetamine and possession of cocaine. Following a joint trial, the jury found all three of them guilty on both charges. This Court has previously affirmed Castillo's convictions,[1] and our opinion in that case recounts additional facts surrounding the search and seizure of the methamphetamine and cocaine at issue in Maldonado's appeal.

1. Maldonado argues that the evidence at trial showed that other people in the apartment had equal access to the drugs and, therefore, that the evidence was insufficient to prove that he was in possession of the drugs found in the apartment. This Court, however, considered and rejected the same argument in *Castillo v. State*, 288 Ga. App. at 829-830, in which we ruled as follows:

---

[1] See *Castillo v. State*, 288 Ga. App. at 828. This Court has also affirmed Rubia's convictions. See *Rubia v. State*, 287 Ga. App. 122 (650 SE2d 797) (2007).

The equal access defense relied upon by Castillo is based on the rule that merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. *While the fact that Castillo's co-defendants had equal access to some of the drugs may inculpate them, however, such evidence does not automatically exculpate Castillo. Instead, whether the evidence that others had access to the contraband was sufficient to rebut the evidence that Castillo was in possession of the drugs was properly reserved for the jury. The evidence presented at trial permitted the jury to find that, rather than proving Castillo's innocence, the evidence of equal access to the drugs proved that she and her co-defendants had joint constructive possession of the contraband.* Beyond a defendant's spatial proximity to the drugs, constructive possession may be shown by demonstrating the defendant knowingly had both the power and intention at a given time to exercise control over the substance. Power may be inferred from access to the drugs, while the matter of intent may be derived from the surrounding circumstances.

(Citations and punctuation omitted; emphasis supplied.) Id. at 830.

The same analysis applies in this case. Thus, given the evidence presented, we conclude that it was sufficient to authorize a jury to find beyond a reasonable doubt that Maldonado was in joint constructive possession of the drugs seized by the officers. *Castillo v. State*, 288 Ga. App. at 830.

2. Maldonado also contends that, because the officers found methamphetamine in different parts of the apartment, the evidence was insufficient to prove that he had constructive possession of at least 28 grams of methamphetamine.[2] The evidence showed, however, that police officers found Maldonado and Castillo lying on a mattress that was on top of a bag containing more than an ounce of methamphetamine, and a forensic chemist with the state's crime lab testified that an ounce equals 28.35 grams. As in *Castillo*, supra, we conclude that this evidence is sufficient to support the jury's verdict.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED AUGUST 22, 2008.

---

[2] See OCGA §§ 16-13-30 (a) (possession of cocaine); 16-13-31 (e) (trafficking conviction requires evidence of possession of at least 28 grams of methamphetamine).

*David J. Walker*, for appellant.

*Jewel C. Scott, District Attorney, Anece Baxter White, Assistant District Attorney*, for appellee.