A08A1749. MARSHALL v. THE STATE.

(671 SE2d 860)

JOHNSON, Presiding Judge.

A jury found Artis Ruben Marshall, Jr., guilty of possession of cocaine with the intent to distribute.[1] Marshall appeals, claiming that the trial court erred in denying his motion for a directed verdict. We find no error, however, and affirm.

"The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether . . . the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense."[2] In making that determination, we view the evidence in the light most favorable to support the verdict and we neither weigh the evidence nor determine witness credibility.[3]

So viewed, the record shows that after officers with the Bibb County Narcotics and Vice Unit orchestrated a controlled buy of drugs from an apartment on Duncan Avenue in Bibb County, the police informant reported that he observed a "large quantity" of crack cocaine in the apartment. The police officers obtained a search warrant for that apartment and executed the warrant on December 14, 2006. Six people were found inside the apartment, including Marshall.

When one of the officers identified himself, Marshall ran into the bathroom and closed the door behind him. Within a few seconds, Marshall was removed from the bathroom, and all six occupants of the house were searched. Marshall's coat pockets contained at least

---

[1] OCGA § 16-13-30 (b).

[2] (Citations and punctuation omitted.) *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[3] Id.

eighteen wrapped cigars, two lighters (including one with a "Flash Foods" label), an unused glass pipe that included a Brillo pad filter, a razor blade, a plastic baggie, and a sum of cash that was left in his pocket to be counted later. Marshall also had cash that was folded up and hidden in his mouth.

Under the footed tub in the bathroom where Marshall had fled, officers found two plastic baggies with a "large quantity" of crack cocaine,[4] a partially-full box of wrapped cigars, and a paper bag that contained at least six "Flash Foods" lighters and several unused glass pipes with Brillo pad filters. In addition to the similar baggies and lighters, the cigars were the "exact same" type as the ones found in Marshall's pocket, and the unused glass pipes were "the same" as the unused glass pipe found in Marshall's pocket. The crack cocaine in the baggies weighed 8.7 grams, and police officers found an additional piece of crack cocaine on the floor along the path that Marshall took as he fled to the bathroom.

When a police officer asked Marshall about the cigars and pipe in his pocket, Marshall told him that he "sometimes sells them." Marshall was the only occupant of the apartment arrested by the police officers following the search.

Marshall first claims that the evidence was insufficient to show his possession of crack cocaine. Where, as here, the state provides no direct evidence of actual possession of a controlled substance, a conviction may be sustained with proof of constructive possession.[5] To prove constructive possession, the state is required to show that the defendant knowingly had both the power and intention at a given time to exercise control over the drugs.[6] As long as there is slight evidence of such power and intention, "the question of fact regarding constructive possession remains within the domain of the trier of fact."[7]

Here, Marshall's power to exercise control over the crack cocaine found under the tub is established by his access to the drugs while he was in the bathroom, and his intent to exercise such control can be inferred by his suspicious behavior in fleeing to that room when the officers entered the apartment.[8] While Marshall argues that the

---

[4] The state asserts that the baggies, which were introduced as evidence and observed by the jury, included over 30 pieces of crack cocaine. We are unable to discern the exact number of pieces based on the pictures of the baggies contained in the record.

[5] *Francis v. State*, 231 Ga. App. 112, 113 (1) (497 SE2d 827) (1998).

[6] See *Parker v. State*, 232 Ga. App. 609, 610 (1) (a) (502 SE2d 310) (1998).

[7] (Punctuation and footnote omitted.) *Wright v. State*, 279 Ga. App. 299 (1) (630 SE2d 774) (2006).

[8] See *Maldonado v. State*, 293 Ga. App. 356, 357 (1) (667 SE2d 156) (2008) ("Power may be inferred from access to the drugs, while the matter of intent may be derived from the surrounding circumstances.") (citation omitted); see also *Warren v. State*, 254 Ga. App. 52, 54

state's constructive possession case is based wholly on circumstantial evidence and fails to exclude reasonable hypotheses other than his guilt (such as his presence in the apartment to smoke crack cocaine that he had not yet purchased), those hypotheses do not explain the numerous similarities between the items under the tub and the items in his pockets.[9]

Marshall also claims that the evidence was insufficient to show that he intended to distribute any crack cocaine. We disagree. First, the jury was able to observe the amount of individual pieces of crack cocaine found in the plastic baggies under the tub. Jurors also observed the numerous lighters and unused glass pipes and heard police testimony as to their use by purchasers of crack cocaine. Police officers testified that razor blades and plastic baggies (as found in Marshall's pocket) were consistent with the cutting, packaging, and distribution of cocaine. Finally, evidence was presented showing that the officers' presence in the apartment was based on a controlled buy having been recently made there, and Marshall admitted that he sometimes sold the unused glass pipes. This evidence was sufficient for a rational trier of fact to find Marshall guilty beyond a reasonable doubt of the charged offense.[10]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 19, 2008.

*Brandon A. Bullard, Kristen C. Quinton*, for appellant.
*Howard Z. Simms, District Attorney, Myra Y. Hutchinson, Assistant District Attorney*, for appellee.

(1) (561 SE2d 190) (2002).
 [9] See *Pierre v. State*, 281 Ga. App. 69, 70 (1) (635 SE2d 363) (2006) (defendant's equal access claim could not explain why cigar labels found with cocaine were the same as those found in his vehicle).
 [10] See, e.g., *Jenkins v. State*, 291 Ga. App. 215 (661 SE2d 617) (2008); *Palmer v. Smith*, 210 Ga. App. 717, 718 (437 SE2d 490) (1993).