A09A0777. SMITH v. THE STATE.
(677 SE2d 717)

DOYLE, Judge.

Roger Scott Smith was charged with five violations of the Georgia Controlled Substances Act: two counts of possession of cocaine (Counts 1 and 3);[1] possession of less than one ounce of marijuana (Count 2);[2] possession of MDMA (Count 4);[3] and possession of more than one ounce of marijuana (Count 5).[4] A jury found him guilty of all five charges, and the trial court sentenced him on Counts 1, 4, and 5.[5] Smith appeals, challenging the sufficiency of the evidence. We affirm, for reasons that follow.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence.[6] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[7]

So viewed, the evidence shows that a member of the narcotics unit of the Clayton County Police Department executed a search warrant on a two-bedroom apartment shared by Smith and Jimmy Hemphill. During the search, the police found 22 grams of crack cocaine and 29 grams of MDMA in a cigar box on top of a DVD player

---

[15] Id. at 512-514.

[1] OCGA § 16-13-30 (a).

[2] OCGA § 16-13-30.

[3] OCGA § 16-13-25 (3) (Z) (MDMA, an abbreviation for 3, 4-methylenedioxymethamphetamine, is commonly known as "ecstasy").

[4] OCGA § 16-13-30.

[5] The trial court merged Count 2 with Count 5 and merged Count 3 with Count 1.

[6] See *Maldonado v. State*, 293 Ga. App. 356 (667 SE2d 156) (2008).

[7] See id.

in the bedroom on the right side of the apartment, as well as $110 in cash affixed to the wall. The bedroom also contained a dresser from which police recovered: a Georgia driver's license issued to Smith; a Georgia driver's license issued to Pleasant Owens; a credit card bearing Owens's name; $58 in cash; seven grams of marijuana in the first drawer, along with several blunt cigars; twenty grams of marijuana contained in several green baggies inside a clear ziplock bag in the second drawer; and 109 grams of marijuana in a clear ziplock bag in the third drawer. In addition, the police found a photograph of Smith and Hemphill and a work order bearing Smith's name from a cable company in the closet of the bedroom on the right.

In the bedroom on the left, the police found: a lease agreement for the apartment in Hemphill's name; a Georgia driver's license issued to Hemphill; a letter addressed to Hemphill; another letter addressed to Altinisha Adams; a cable bill addressed to Smith; and a plastic bag containing a residue amount of marijuana. They also found a plate and a jar containing cocaine residue in a kitchen cabinet.

The State charged Smith and Hemphill with five counts of violating the Georgia Controlled Substances Act, and the two men were tried together in a joint trial.[8] Hemphill testified at trial, stating that he occupied the master bedroom located on the left side of the apartment and that Smith occupied the bedroom on the right side. Hemphill also testified that Smith's girlfriend, Owens, spent the night at the apartment on a regular basis, as did Adams, the mother of Hemphill's son. Hemphill denied that the drugs found in the apartment belonged to him or Adams or that he had any knowledge thereof.

Smith challenges the sufficiency of the evidence on appeal, arguing that because he shared the apartment with Hemphill and because other individuals, including Owens and Adams, had access to the apartment, the drugs could have belonged to any of them and, under the equal access rule, the State failed to prove possession.

Under the equal access rule, "merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime."[9] However, while the fact that Hemphill and other persons had equal access to "the drugs may inculpate them, . . . such evi-

---

[8] The jury found Hemphill guilty on Count 2 and not guilty on Count 4. The jury was not able to reach a verdict as to the remaining three counts of the indictment against Hemphill, and the State agreed to enter a nolle prosequi for each of those counts.

[9] *Andrews v. State*, 219 Ga. App. 808, 809 (1) (466 SE2d 909) (1996).

dence does not automatically exculpate [Smith]. Instead, whether the evidence that others had access to the contraband was sufficient to rebut the evidence that [Smith] was in possession of the drugs was properly reserved for the jury."[10]

Here, the evidence inculpates Smith with possession of the drugs found in the bedroom where he evidently lived, which included the crack cocaine found in a cigar box, the seven grams of marijuana found in the first drawer of the dresser,[11] the MDMA found in a cigar box, and the 109 grams of marijuana found in the third dresser drawer.[12] Under the circumstances, the jury was authorized to conclude that the cocaine residue found in the kitchen supported the second count of possession of cocaine.[13] And

> [t]he totality of the evidence here did not demand a "not guilty" verdict on the possession charge, but authorized a finding that [Smith] was in possession of the [drugs], even though there also was evidence authorizing a finding that others had equal access to the same contraband. Whether the evidence that others had access to the contraband was sufficient to rebut the evidence that [Smith] was in possession of the drug[s] was properly reserved for the jury.[14]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED APRIL 16, 2009.

*Mack & Harris, Robert L. Mack, Jr.*, for appellant.
*Jewel C. Scott, District Attorney, Anece Baxter White, Assistant District Attorney*, for appellee.

---

[10] (Citation and punctuation omitted.) *Castillo v. State*, 288 Ga. App. 828, 830 (655 SE2d 695) (2007).

[11] Smith argues that the State failed to prove possession as to the marijuana found in Hemphill's bedroom. But the police located seven grams of marijuana in the first dresser drawer, which supports Count 2 (possession of less than one ounce of marijuana), and 109 grams of marijuana in the third drawer, which supports Count 5 (more than one ounce of marijuana). Thus, the State did not have to establish that Smith possessed the marijuana recovered from Hemphill's bedroom.

[12] See *Cantrell v. State*, 204 Ga. App. 330, 331 (419 SE2d 141) (1992).

[13] See *Daugherty v. State*, 283 Ga. App. 664, 667 (1) (642 SE2d 345) (2007).

[14] (Footnote omitted.) *McWhorter v. State*, 275 Ga. App. 624, 628-629 (1) (b) (621 SE2d 571) (2005). See also *Castillo*, 288 Ga. App. at 830; *Daugherty*, 283 Ga. App. at 667 (1).