## A09A1004. DAVIS v. THE STATE.
(685 SE2d 453)

BERNES, Judge.

Following a jury trial, Kevin Edward Davis was convicted of possessing less than one ounce of marijuana. He argues that the evidence presented at trial was insufficient to support his conviction. We disagree and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict. *Smith v. State*, 297 Ga. App. 526 (677 SE2d 717) (2009). We do not weigh the evidence nor judge the credibility of the witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

So viewed, the evidence presented at trial showed that on the day in question, a patrol officer from the Douglasville Police Department responded to a report of possible drug activity involving a gold vehicle in the parking lot of the Arbor Place Mall. As the officer scanned the parking lot, he located Davis sitting inside a gold vehicle smoking what appeared to be a marijuana cigarette. The officer testified that he suspected the cigarette contained marijuana (as opposed to nicotine) because of the way Davis "had his thumb and his first finger clasped around [the] item pressed to his lips" which, based upon the officer's knowledge and experience, was consistent with the way marijuana is smoked. Upon seeing the officer, Davis immediately removed the cigarette from his mouth and exited the vehicle. As the officer approached and spoke to Davis, Davis admitted that he had been smoking marijuana prior to the officer's arrival.

During the course of his investigation, the officer called for a K-9 unit to assist him. As the K-9 handler opened the door to the vehicle, he detected an "overwhelming" smell of marijuana. The K-9 then alerted to the ashtray area of the vehicle, where a cigarette containing what was later determined to be marijuana was located.

The evidence set forth above was sufficient to support Davis's misdemeanor conviction on possession of less than one ounce of marijuana. See OCGA §§ 16-13-2 (b); 16-13-30 (j) (1); *King v. State*, 287 Ga. App. 375, 376-377 (1) (651 SE2d 496) (2007); *Leming v.*

*State*, 235 Ga. App. 710, 711-712 (2) (510 SE2d 364) (1998). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Davis argues that he should not have been found guilty given the fact that his mother, the owner of the vehicle, testified at trial that the marijuana found in the vehicle belonged to her. We disagree. Based upon the officer's testimony that he personally witnessed Davis smoking the marijuana, Davis's admission that he had been smoking marijuana prior to the officer's arrival, and the K-9 handler's testimony that the vehicle contained an "overwhelming" smell of marijuana, the jury was authorized to find that Davis, not his absent mother, possessed and controlled the marijuana at issue. See *Ledesma v. State*, 251 Ga. 487, 487-488 (1) (306 SE2d 629) (1983); *Jones v. State*, 208 Ga. App. 559, 560 (430 SE2d 877) (1993); *Bean v. State*, 204 Ga. App. 242, 243 (1) (418 SE2d 798) (1992).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 15, 2009.

*Lawrence W. Daniel*, for appellant.

*Brian K. Fortner*, Solicitor-General, *Evelyn Proctor*, Assistant Solicitor-General, for appellee.