A09A2328, A09A2329. PRICE v. THE STATE (two cases).
(686 SE2d 406)

ELLINGTON, Judge.

In August 2008, an Effingham County jury found Randy Price guilty of possession with intent to distribute marijuana and possession with intent to distribute methylenedioxymethamphetamine, in violation of the Georgia Controlled Substances Act, OCGA § 16-13-20 et seq. In Case No. A09A2328, he appeals, pro se, contending that the trial court erred in denying his motion for an extension of time to file a notice of appeal. In Case No. A09A2329, he contends that the court erred in imposing a recidivist sentence because the State failed to provide prior notice of its intent to seek such sentencing. For the following reasons, we affirm the court's orders in both cases.

### Case No. A09A2328

1. Price contends that the trial court erred in denying his motion for an extension of time to file a notice of appeal from his judgment

---

[12] (Punctuation and footnotes omitted; emphasis supplied.) *Kolar v. State*, 292 Ga. App. 623, 630 (2) (665 SE2d 719) (2008).
[13] See id.

of conviction. The record shows that the trial court entered a judgment of conviction on the jury's verdict on August 22, 2008. On October 10, 2008, Price, acting pro se, filed a motion for an extension of time to file an appeal in the trial court. According to Price's motion, he mailed a pro se notice of appeal from Hancock State Prison, where he was incarcerated, on September 16, 2008, but the notice of appeal was returned by the post office as undeliverable.

As the trial court ruled, Price was required to file his motion for an extension of time to file a notice of appeal within the time period the motion seeks to extend, in this case, within 30 days of the judgment of conviction. See OCGA §§ 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"); 5-6-39 (d) ("Any application to any court, justice, or judge for an extension [of time to file] must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order."). Because Price filed his motion outside of the applicable time period, it was untimely.[1] Id.

2. Price has abandoned his remaining enumerations of error by failing to support them with references to the record or citations to authority. Court of Appeals Rule 25 (c) (2).

### Case No. A09A2329

3. Price contends that the trial court erred in denying his motion to vacate or to correct a void sentence, arguing that the State failed to put him on notice prior to trial of the State's intent to seek recidivist punishment, pursuant to OCGA §§ 17-10-2 (a) and 17-10-7 (c). This argument lacks merit for at least two reasons. First, the record shows that the State filed a notice of its intent to seek recidivist punishment on August 29, 2007, a year before Price's August 2008 trial. Second, the Georgia General Assembly amended OCGA § 17-10-2 (a) in 2005 to exclude the provision that required the State to give the defendant advance notice of its intent to seek recidivist punishment. Ga. L. 2005, p. 20, § 11. This amendment applied to all trials which commenced on or after July 1, 2005. Ga. L. 2005, p. 20, § 17. Thus, because Price was not entitled to advance notice by the State (but received it anyway), the trial court did not err in denying his motion to vacate or correct a void sentence on this basis.

*Judgments affirmed. Johnson, P. J., and Mikell, J., concur.*

---

[1] To the extent that Price may have mailed a timely notice of appeal, which was not delivered to the trial court for some reason not attributable to Price, we note that the prisoner litigant "mailbox rule" would not protect his right to appeal, as it does not apply to any nonhabeas criminal or civil filings. *Riley v. State*, 280 Ga. 267, 267-268 (626 SE2d 116) (2006).

DECIDED NOVEMBER 5, 2009.

Randy B. Price, *pro se.*
Richard A. Mallard, *District Attorney*, for appellee.