A10A0448. PRICE v. THE STATE.
(694 SE2d 712)

ELLINGTON, Judge.

In August 2008, an Effingham County jury found Randy Price guilty beyond a reasonable doubt of possession with intent to distribute marijuana and possession with intent to distribute methylenedioxymethamphetamine (hereinafter, "Ecstacy"), in violation of the Georgia Controlled Substances Act, OCGA § 16-13-20 et seq. Pursuant to the grant of his motion for an out-of-time appeal, Price appeals, contending that the trial court erred in denying his motion to suppress, erred in admitting similar transaction evidence, and erred in excluding certain evidence. He also asserts that there was insufficient evidence to prove either venue or the elements of the offenses charged. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows the following facts. In February 2006, Traci Hollings-

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

worth contacted the Effingham County Drug Unit and reported that her husband had traded her car to individuals on Churchill Road in exchange for crack cocaine. According to one of the drug unit's officers, the Churchill Road area has been a "problem area" for crack cocaine and marijuana sales for many years. Hollingsworth told the officers that her husband had regular dealings in that area with a man with the last name of "Price." She said that she had gone to the Churchill Road area to retrieve the car, that she saw five men selling crack cocaine, and that they refused to return the car to her. Members of the drug unit went with Hollingsworth to the Churchill Road area, where they observed the car parked between two buildings.

While an officer went to obtain a search warrant for the property, two other drug unit officers hid in the woods behind the property to watch Hollingsworth's car and observe any individuals coming and going from the buildings and elsewhere on the property. One of the officers saw Price with a shovel, doing something in the dog pen that was located at the rear of the property. The pen contained three doghouses and three pit bulls. Shortly thereafter, the officer saw Price talking on a cell phone as he walked to the front of the property toward a pump house that was located near Price's trailer, and then saw him leave the property for five or six minutes. When Price returned, he entered the dog pen, kneeled down by one of the doghouses, and lifted it up. The officer was unable to see what Price was doing while he was holding up the doghouse.

The officers arrived seconds later to execute the search warrant. Price put down the doghouse and tried to hide by crouching down behind some bushes five to ten feet away. The officers detained Price and, during the search of the property, they lifted up the doghouse that Price had lifted earlier and discovered a plastic bag, which contained about $3,000 in cash, several "Ecstacy" tablets, and 13.2 ounces of marijuana, as well as money scattered on the ground and a scale. The officers did not discover any contraband under the other two doghouses. They also searched the pump house and found a scale, some razor blades, and 47.45 grams of crack cocaine hidden behind a hot water heater. From the time the officers hid in the woods until the contraband was discovered, Price was the only man they observed on the property.

In addition to this evidence, the State presented similar transaction evidence showing that Price had pleaded guilty in 1997 to two counts of selling crack cocaine to undercover officers from the same Churchill Road property.

1. Price contends the trial court erred in denying his motion to suppress evidence seized from his trailer, which was located at 174 Churchill Road, and the surrounding curtilage. In his motion to

suppress, Price asserted that the search was illegal because, inter alia, the search warrants authorizing the search did not include "a legally sufficient and particular description to search the premises located at 174 Churchill Road, Guyton, Effingham County, Georgia[.]"

> Because the trial court sits as the trier of fact when ruling on a motion to suppress or a motion in limine, its findings based upon conflicting evidence are analogous to a jury verdict and should not be disturbed by a reviewing court if there is any evidence to support them. When we review a trial court's decision on such motions to exclude evidence, we construe the evidence most favorably to uphold the findings and judgment, and we adopt the trial court's findings on disputed facts and credibility unless they are clearly erroneous. When the evidence is uncontroverted and no question of witness credibility is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review. With mixed questions of fact and law, the appellate court accepts the trial court's findings on disputed facts and witness credibility unless clearly erroneous, but independently applies the legal principles to the facts.

(Citations and punctuation omitted.) *State v. Tousley*, 271 Ga. App. 874 (611 SE2d 139) (2005).

"No search warrant shall be quashed or evidence suppressed because of a technical irregularity not affecting the substantial rights of the accused." OCGA § 17-5-31.

> Although a search warrant which describes the premises by street and number will generally not authorize a search of the premises at another street or number, a search warrant that is incorrect as to street number may be valid where there are other elements of description sufficiently particular to identify the premises to be searched. The importance of exactitude of street address, it may be said, varies inversely with the thoroughness of the description.

(Citations and punctuation omitted.) *Lester v. State*, 278 Ga. App. 247, 249 (1) (628 SE2d 674) (2006).

In this case, the record shows that the officers obtained two search warrants on February 24, 2006. One of the warrants identified the property to be searched as "184 Churchill Rd. Guyton" in

Effingham County. The other described the property as follows:

> The residence is a white color mobile home adjacent to the address [of] 184 Churchill Rd. The physical address is unknown as it is not clearly marked. The mobile home is perpendicular to Churchill Rd. and is in between the addresses of 184 and 174 Churchill Rd. The [curtilage] as it appears on Effingham County aerial maps shares curtilage with the address of 174 Churchill Rd. . . . [Traveling south on Churchill Road from the intersection at Amanda Avenue, the] residence is located on the right side of Churchill Rd. and is the second residence on the right.

Both warrants authorized officers to search "the entire residence including [curtilage], all vehicles parked on the property, any out buildings, work shops, sheds, and any persons located on the property who may be involved in illegal activity."

The evidence presented at the motion to suppress hearing showed that, on the day of the search, Price lived in a mobile home at 174 Churchill Road; his trailer was the only trailer situated perpendicular to Churchill Road on the property at issue. Price's trailer and a separate residence with the address of 168 Churchill Road were located on the same lot, which was owned by Price's grandfather. None of the trailers on the properties at issue was marked with a house number on the day the officers obtained and executed the search warrant, and no fences separated the residences.

The evidence also showed that the dog pen where the contraband was discovered "stretche[d] across" the back of the property identified as 184 and 174 Churchill Road. In fact, Price admitted during the hearing that the pen was located "in the back" of his residence at 174 Churchill Road. In addition, the evidence showed that the pump house was located at the front of the lot where the two residences, 168 and 174 Churchill Road, were located.

Accordingly, the evidence presented supported a finding that all of the contraband at issue was seized from the trailer described in the search warrant and its surrounding curtilage. The trial court did not err in concluding that the search warrants sufficiently identified the property to be searched and, therefore, authorized the search and seizure of the contraband. Thus, the court properly denied Price's motion to suppress.

2. Price argues that the trial court erred in admitting similar transaction evidence which showed that, in 1997, Price pleaded guilty to two counts of sale of cocaine following his 1995 arrest for selling undercover officers crack cocaine after he flagged them down while they were driving on Churchill Road in Effingham County.

Although Price concedes that he committed the prior crimes,[2] he claims that the court should have excluded them because they were insufficiently similar to the crimes charged in this case. According to Price, the evidence showed that, in 1995, he was just a "street level [drug] dealer," and that there was no evidence that he had resumed that activity or was in any way involved in a drug "distribution endeavor" when he was arrested in 2006. This argument lacks merit.

> The test of admissibility of evidence of other criminal acts by the defendant *is not the number of similarities between the two incidents*. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.

(Citation and punctuation omitted; emphasis in original.) *Roberts v. State*, 241 Ga. App. 259, 261 (3) (526 SE2d 597) (1999). Further, "[w]hen similar transaction evidence is being introduced to prove motive, intent, or bent of mind, it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity." (Citation and punctuation omitted.) *Mangham v. State*, 234 Ga. App. 567, 569 (1) (507 SE2d 806) (1998). "This Court should not disturb the findings of the trial court on the issue of similarity or connection of similar transaction evidence unless they are clearly erroneous." (Citation omitted.) *Roberts v. State*, 241 Ga. App. at 261 (3).

Although there are some differences between the circumstances resulting in Price's 1995 arrest (when he was conducting hand-to-hand sales of crack cocaine) and the 2006 arrest (when officers found crack cocaine, marijuana, Ecstacy tablets, scales, and a large amount of cash in and around his home, but did not actually witness any hand-to-hand drug sales), we must focus on the similarities between the crimes, not on those differences, and the relevance of the prior crimes to the issues before the jury. *Roberts v. State*, 241 Ga. App. at

---

[2] In fact, at trial, Price told the jury that he was guilty of the similar transactions and that he had "nothing to hide about this whole situation." Price also elicited evidence at trial that he had served nine years in prison for the crimes.

261 (3). So viewed, the 1995 transactions were relevant to demonstrate not only that Price knowingly possessed illegal drugs, but also that Price had the motive, bent of mind, and intent to sell those drugs from the same Churchill Road property. Id. Therefore, we find the trial court did not err in concluding that the similar transaction evidence was admissible in this case for those limited purposes. Id.

3. Price contends that the court abused its discretion when it limited his cross-examination of the officer who saw him lift the doghouse. "A defendant has the right to a thorough and sifting cross-examination, but the trial court has broad discretion to determine its scope and whether the sought testimony is relevant, and such discretion will not be disturbed on appeal unless it has been abused. OCGA § 24-9-64." (Citations omitted.) *Lawton v. State*, 281 Ga. 459, 461 (1) (640 SE2d 14) (2007).

The record shows that Price asked the officer about the officer's previous testimony that there were other men on the property when the officer began watching the property from the woods. The State objected on the basis that the officer had not testified that there were any other men on the property when he began his surveillance, and the court sustained the objection. Because the trial transcript supports the State's objection and the court's ruling, we find no abuse of discretion.

4. Price argues that the evidence was insufficient to prove either venue or the elements of the crimes for which he was convicted.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. [at 319 (III) (B)], and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004). The standard of *Jackson v. Virginia* is met if the evidence is sufficient for any rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crime charged. *Clark v. State*, 275 Ga. 220, 221 (1) (564 SE2d 191) (2002).

(a) On the issue of whether there was sufficient evidence to

prove that the offenses occurred in Effingham County, the following standard applies:

> Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. The State may establish venue by use of both direct and circumstantial evidence.

(Citations and punctuation omitted.) *Kimble v. State*, 301 Ga. App. 237, 240 (1) (b) (687 SE2d 242) (2009). "Further, because venue is an essential element of the State's case and must be decided by a jury, only evidence presented to the jury may be considered on appeal." (Citation and punctuation omitted.) *Payne v. State*, 290 Ga. App. 589, 590 (2) (660 SE2d 405) (2008).

In this case, Detective Blunt testified that he had been employed with the Effingham County Drug Unit of the sheriff's department for over three years and that he was in charge of the department's drug suppression activities. Sergeant Hossala testified that he was employed by the Effingham County Sheriff's Office Crime Scene Unit and that he collected evidence and took photographs of the crime scene. Officer Holbrook testified that he was employed by the Effingham County Sheriff's Office Crime Scene Unit, that he received suspected contraband from Sergeant Hossala, and that he tested the contraband for marijuana. "In light of the well-settled principle that public officials are believed to have performed their duties properly and not to have exceeded their authority unless clearly proven otherwise,"[3] this testimony supported a finding that the employees of the Effingham County Sheriff's Office, in participating in the investigation of drug offenses at 168, 174, and 184 Churchill Road in Guyton, were acting within their jurisdiction.

Moreover, in addition to this evidence, the crime scene unit investigator, Sergeant Hossala, testified that the events which led to the charges in this case took place in Effingham County. Thus, we conclude that there was sufficient evidence of venue to support Price's convictions. *Kimble v. State*, 301 Ga. App. at 240 (1) (b); *Payne v. State*, 290 Ga. App. at 590 (2).

(b) Price claims that the circumstantial evidence presented was insufficient to prove that he was in either actual or constructive possession of the contraband found under the doghouse.

"To warrant a conviction on circumstantial evidence, the proved

---

[3] (Citations omitted.) *Chapman v. State*, 275 Ga. 314, 317-318 (4) (565 SE2d 442) (2002).

facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. The circumstantial evidence, however, "does not have to exclude *every* possible hypothesis other than the defendant's guilt, but only *reasonable* hypotheses. Whether a hypothesis is reasonable is a question for the jury, and such finding will not be disturbed on appeal unless the guilty verdict is insupportable as a matter of law." (Citations omitted; emphasis in original.) *Eberhart v. State*, 241 Ga. App. 164, 165 (1) (526 SE2d 361) (1999).

"Possession of contraband may be joint or exclusive, and actual or constructive. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it." (Citation and punctuation omitted.) *Kimble v. State*, 301 Ga. App. at 240 (1) (a). In contrast,

> [a] person is in constructive possession of an object when he knowingly has both the power and intention at a given time to exercise dominion over the object. A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction.

(Citations and punctuation omitted.) *Fluker v. State*, 296 Ga. App. 347, 349 (674 SE2d 404) (2009). When determining whether the defendant "knowingly ha[d] both the power and intention at a given time to exercise dominion" over drugs, the jury may infer the defendant's "power" from his or her access to the drugs, while they may look to the surrounding circumstances to determine whether the defendant had the requisite "intention." Id.; *Castillo v. State*, 288 Ga. App. 828, 830 (655 SE2d 695) (2007).

In this case, evidence of Price's unusual behavior in lifting up and kneeling next to the only doghouse which concealed the contraband, his attempt to hide in the bushes when the officers arrived, and his previous history of selling drugs to passers-by in the same area provides sufficient evidence from which a rational trier of fact could conclude, beyond a reasonable doubt, that he had knowledge of the presence of the contraband, access to it, and the power and intention to exercise control over it. *Castillo v. State*, 288 Ga. App. at 830. Therefore, the evidence was sufficient to support the jury's finding that Price was in constructive possession of the contraband. Id.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED APRIL 7, 2010 —
RECONSIDERATION DENIED APRIL 29, 2010 — 

*Peter D. Johnson*, for appellant.
*Richard A. Mallard, District Attorney, Brian A. Deal, Assistant District Attorney*, for appellee.