A10A1583. COX v. THE STATE.
(702 SE2d 25)

PHIPPS, Presiding Judge.
After a jury trial, Ontiveros Cox was convicted of possession of marijuana and driving with a suspended license. On appeal, he

contends that the trial court erred by admitting evidence of a prior drug conviction. For reasons that follow, we affirm.

At trial, the state presented evidence that on October 30, 2008, an officer with the Douglasville Police Department observed a vehicle being driven too closely to the one in front of it. The officer initiated a traffic stop and asked the driver for his license. Cox, the driver, said he did not have a license, and the officer asked him to get out of the car. The officer noticed a strong odor of marijuana emanating from Cox's clothing. Cox then told the officer that his license had been suspended. When a passenger in Cox's car opened the car door, the officer noticed a strong odor of marijuana emanating from the car. He also saw what appeared to be marijuana debris on the floor of the car. The officer asked Cox and the passenger where the two had been and were going, and got conflicting responses. At that point, the officer decided to conduct a probable cause search of the car. In the trunk, he found five "brick"-type packages of suspected marijuana, each weighing approximately one pound. Subsequent testing confirmed that the substance was marijuana.

The state also presented evidence of a similar transaction, which prior to trial the court ruled was permissible to show Cox's bent of mind and course of conduct. An officer with the Tuscaloosa Police Department testified that on March 8, 2004, the West Alabama Narcotics Task Force received information that Cox had marijuana in the trunk of his car. Officers went to Cox's place of employment in Tuscaloosa, where Cox consented to a search of his car. Officers found approximately three and one-half pounds of marijuana in the car's trunk and arrested Cox. Cox pleaded guilty to unlawful distribution of a controlled substance.[1] The state presented a certified copy of Cox's conviction at trial.

> Evidence of an independent offense or act may be admitted into evidence if the state makes the following affirmative showings: that it is seeking to introduce the evidence for a permissible purpose; there is sufficient evidence that the accused committed the independent offense or act; and there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. There is no requirement that the other transaction be identical to the crime charged in every respect. Rather, there can be a substantial variation of circumstances where

---

[1] See Code of Alabama § 13A-12-211 (a person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he or she sells, furnishes, gives away, delivers, or distributes one of the controlled substances enumerated).

there exists a logical connection between crimes which are essentially dissimilar. Further, when similar transaction evidence is being introduced to prove motive, intent, or bent of mind, it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity. Absent an abuse of discretion, we will not disturb a trial court's determination that similar transaction evidence is admissible.[2]

Cox does not deny that the state made the first two showings required for the independent offense evidence to be admissible. He argues only that the evidence was not sufficiently similar to the charged offense of possession of marijuana.

There was no abuse of discretion. Although Cox was charged with or convicted of different offenses in the Georgia and Alabama prosecutions, both cases involved Cox having more than three pounds of marijuana in the trunk of his car. And while there are some factual differences between the circumstances resulting in Cox's 2004 arrest (e.g., police acted on a tip, approached him at his workplace and searched his car with his consent), and the 2008 arrest (e.g., police conducted a traffic stop, a passenger was in the car, and the search was conducted based on probable cause), we must focus on the similarities between the crimes, not on those differences, and the relevance of the prior crimes to the issues before the jury.[3] So viewed, the 2004 transaction was relevant to demonstrate that Cox knowingly possessed a large quantity of marijuana in his vehicle.[4] "If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct."[5]

Cox's reliance on *Vaughan v. State*[6] and *King v. State*[7] is misplaced. In *Vaughan*, we held that evidence that the defendant possessed a crack pipe three years earlier was not admissible in a prosecution for his alleged sale of cocaine, as the earlier *use* case did

---

[2] *Mattox v. State*, 287 Ga. App. 280, 282 (1) (651 SE2d 192) (2007) (citations and punctuation omitted).

[3] See *Price v. State*, 303 Ga. App. 859, 863 (2) (694 SE2d 712) (2010).

[4] See generally id.

[5] *State v. Johnson*, 246 Ga. 654, 655 (1) (272 SE2d 321) (1980); *Guild v. State*, 234 Ga. App. 862, 866 (4) (508 SE2d 231) (1998) (citations and punctuation omitted).

[6] 251 Ga. App. 221 (553 SE2d 335) (2001).

[7] 230 Ga. App. 301 (496 SE2d 312) (1998).

not demonstrate motive or identity for the *sale* case.[8] In *King*, this court held that a prior conviction for sale of methamphetamine was not admissible in a prosecution charging the defendant with possession of methamphetamine in his bodily fluid, because there was a significant difference between using a drug and selling or possessing it for sale; nothing about the earlier offense proved intent, bent of mind, motive and course of conduct as to the charged offense.[9]

Thus, in both *Vaughan* and *King*, we held that a defendant's personal use of a controlled substance was not sufficiently similar to his distribution or sale of a controlled substance to demonstrate motive in connection with the admissibility of similar transaction evidence. There is no evidence of personal use of marijuana in this case. We find no abuse of discretion in the trial court's determination that the prior crime was sufficiently similar to the charged crime that the similar transaction evidence was admissible.[10] Furthermore, in light of the overwhelming evidence of Cox's guilt, no harm was shown even if the trial court's ruling had been erroneous.[11]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 23, 2010.

*Mary Erickson*, for appellant.
*David McDade, District Attorney, Marc A. Watkins, Assistant District Attorney*, for appellee.

---

[8] *Vaughan*, supra at 223 (2).
[9] *King*, supra at 303 (1).
[10] See *Marion v. State*, 268 Ga. App. 699, 701-702 (3) (603 SE2d 321) (2004).
[11] See *Branch v. State*, 255 Ga. App. 596, 598 (565 SE2d 910) (2002); *Washington v. State*, 252 Ga. App. 611, 617 (3) (560 SE2d 80) (2002).