## A12A0419. TAYLOR v. THE STATE.
(727 SE2d 511)

MIKELL, Presiding Judge.

A Bulloch County jury found Terry Lavon Taylor guilty of one count of the sale of cocaine. Taylor appeals the denial of his motion for a new trial, arguing that because the state did not show that the crime occurred in Bulloch County, it failed to prove venue. For the reasons that follow, we affirm.

The Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime allegedly was committed.[1] On appeal, we review a challenge to the sufficiency of the evidence of venue "in a light most favorable to support the verdict and determine whether the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the crime was committed in the county where the defendant was indicted."[2] "The State may establish venue by use of both direct and circumstantial evidence. Further, because venue is an essential element of the State's case and must be decided by a jury, only evidence presented to the jury may be considered on appeal."[3]

In the case sub judice, Officer Jody Stafford testified that at the time of the crime in question, she worked for the Statesboro Police Department as part of a special drug investigation unit targeting drug sales in Statesboro. During the direct examination of Stafford, the following exchange occurred:

Q: All right. Now this particular operation where you go in and target and that sort of thing is that here in Bulloch County?
A: Yes.

Stafford further testified that as part of the operation, those on her team enlisted confidential informants to purchase drugs in a

---

[1] *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000).

[2] (Citations omitted.) *Chapman v. State*, 275 Ga. 314, 317 (4) (565 SE2d 442) (2002).

[3] (Citations and punctuation omitted.) *Price v. State*, 303 Ga. App. 859, 865 (4) (a) (694 SE2d 712) (2010).

specified area of Statesboro. Confidential informant Willie Morris also testified that as part of this same operation, he sold crack cocaine to Taylor.

We have held that public officials are believed to have performed their duties properly, and not to have exceeded their jurisdiction unless clearly proven otherwise.[4] Construed in favor of the verdict,[5] the jury, as a rational trier of fact,[6] was entitled to infer that the events Morris described were part of the Bulloch County drug operation about which Stafford testified, and that the sale of crack cocaine to Taylor took place in Bulloch County as part of that operation.[7] Viewing the evidence as whole, we find that it constitutes proof beyond a reasonable doubt that the evidence was sufficient to show venue in Bulloch County. We affirm.

*Judgment affirmed. Miller and Blackwell, JJ., concur.*

DECIDED APRIL 19, 2012.

*Robert L. Persse, Stuart H. Patray*, for appellant.
*Richard A. Mallard, District Attorney, Joseph B. Black, Assistant District Attorney*, for appellee.

---

[4] See *Brinson v. State*, 289 Ga. 150, 152 (2) (709 SE2d 789) (2011), citing *Chapman*, supra at 317-318.

[5] *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004).

[6] *See Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[7] See *Price*, supra at 865 (4) (a) (testimony as to officer's county of employment coupled with evidence that crime occurred in county sufficient to establish venue).