# Court of Appeals
# of the State of Georgia

ATLANTA,  October 11, 2019

*The Court of Appeals hereby passes the following order:*

**A20A0297. RANDY PRICE v. THE STATE.**

On August 22, 2008, Randy Price was convicted of two crimes: possession with intent to distribute marijuana, and possession with intent to distribute methylenedioxymethamphetamine ("MDMA"). The trial court sentenced Price to ten years' imprisonment for the marijuana crime and forty years' imprisonment for the MDMA crime, running the terms consecutively. After Price was granted an out-of-time appeal, this Court affirmed his judgment of conviction in 2010. See *Price v. State*, 303 Ga. App. 859 (694 SE2d 712) (2010).[1]

In June 2018, Price filed a motion to vacate, set aside, or correct his sentence. In his motion, Price appears to have claimed that his sentence was void because he had been sentenced as a recidivist pursuant to OCGA § 17-10-7 (c) based on the fact that he had two prior felony convictions, but the statute was amended in 2015 to require that a defendant have three prior felony convictions before being sentenced as a recidivist, and the amendment was retroactive. The trial court denied Price's motion, and Price filed this appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247)

_____

[1] See also *Price v. State*, 300 Ga. App. 795 (686 SE2d 406) (2009) (affirming trial court's denial of Price's motion to vacate or correct a void sentence, in which he claimed the State failed to put him on notice prior to trial of its intent to seek recidivist punishment).

(2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Price filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A direct appeal does not lie from the denial of a motion to vacate a void sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, Price has failed to raise a colorable claim that his sentence is void. Contrary to his claim, both the version of OCGA § 17-10-7 (c) in effect when he committed his crimes on February 24, 2006, and the current version of the statute, require that a defendant have three prior felonies before being sentenced as a recidivist. Compare OCGA § 17-10-7 (c) (2006), with OCGA § 17-10-7 (c) (2019).[2]

In addition, even if the trial court somehow improperly applied OCGA § 17-10-7 (c) at sentencing, Price's aggregate 50-year sentence still fell within the range of allowable sentences for his crimes and is therefore not void. See *Brown v. State*, 295 Ga. App. 66, 67-68 (670 SE2d 867) (2008) (because the available punishment for the defendant's crime included life imprisonment, the defendant's life sentence was not void, even if the trial court improperly constrained its discretion in applying the recidivist statute). When Price committed his crimes, the maximum sentence upon a conviction for possession with intent to distribute marijuana was ten years, see OCGA § 16-13-30 (j) (2) (2006), and the maximum sentence upon a second or subsequent

---

[2] The 2015 amendment to OCGA § 17-10-7 (c) simply added language referencing the provisions of OCGA § 42-9-45 (b), which govern when an inmate may be eligible for parole. See Ga. L. 2015, p. 519, § 2-1/HB 328.

conviction for possession with intent to distribute a Schedule I or II controlled substance, such as MDMA, was forty years. See OCGA §§ 16-13-30 (d) (2006); 16-13-25 (3) (A) (2006); see also *Brown*, 295 Ga. App. at 67 n. 3 ("We apply the sentencing law in effect at the time the crime was committed.").

Because Price has failed to raise a colorable void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office,*
*Atlanta,*  10/11/2019
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*